■ In the Matter of BETTY WEBB, Appellant, v ROBERT RUGG, Respondent. [602 NYS2d 716] —Yesawich Jr., J. Appeal from an order of the Family Court of Chenango County (Smith, J.), entered June 2, 1992, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, to direct respondent to pay for support of his children.

Petitioner and respondent were divorced on December 9, 1987 after having lived apart pursuant to a separation agreement for over one year. In accordance with a stipulation entered into by the parties, the decree provided that petitioner would have sole physical custody of the couple's five children and that, in consideration for the fact that petitioner received an ostensibly favorable property settlement, respondent would pay no child support for two years. At the end of that period,

the parties were to renegotiate child support based on the children's needs and the income of both parents. When that time came, however, no amount could be agreed upon and petitioner brought this proceeding, requesting a judicial award of support, on January 17, 1990.

Following a hearing, held in March 1990, the Hearing Examiner ordered payments of $25 per month. Petitioner filed objections to that order and Family Court, finding the award unreasonable in view of respondent's "income and assets", remitted the matter to the Hearing Examiner, who, upon reconsideration, reaffirmed the original award. In response to a second set of objections, Family Court adopted the Hearing Examiner's new findings, prompting petitioner to appeal.

Petitioner's contentions appear well-founded. The record reflects that respondent's financial resources at the time of the hearing included checking and saving account balances of nearly $15,000, a 1979 Corvette automobile valued at $12,000, an unknown amount invested in mutual funds yielding upwards of $2,000 in annual interest and dividends, and a very recent business investment of nearly $50,000. Given these resources, we find an award of child support based solely on respondent's income, which is admittedly minimal (at the time of the hearing, his most recent income tax return showed wages of $6,900 for five months work), to be unjust and inappropriate *(cf., Kay v Kay,* 37 NY2d 632, 636).

The Hearing Examiner apparently agreed with this assessment—he referred to the $25 per month award as "ridiculous" —but reasoned that because petitioner had given him no basis for imputing income from respondent's nonincome-producing assets, nor any evidence as to the needs of the children, he was constrained to award the minimum amount. We disagree.

The Child Support Standards Act provides that if the basic award, calculated from the parties' income with suitable adjustments (one of which can be the imputation of income from non-producing assets), is "unjust or inappropriate", a court shall order "such amount of child support as [it] finds just and appropriate" (Family Ct Act § 413 [1] [g]). The court has discretion to ascertain this amount from the information available, as long as due consideration is given the statutory factors *(see, Bohnsack v Bohnsack,* 185 AD2d 533, 535).

One of those factors, and that with the most impact in this case, is the "financial resources" of the parents (Family Ct Act § 413 [1] [f] [1]), which has not unreasonably been defined as "everything available to support the child" *(Matter of Commis-*

*sioner of Social Servs. of City of N. Y. v Rush,* 152 Misc 2d 823, 826). It is not necessary that the court be able to impute income from an asset in order to consider it as a resource. Once the amount of basic child support obligation is found to be unjust or inappropriate, all resources may be considered, in whatever manner the court deems reasonable. In a given set of circumstances, the court may determine that it is appropriate to require a parent to reinvest or liquidate certain assets to provide for his or her children.

Here, allowing for respondent's need to use some of his assets, for example the money in his checking and savings accounts, along with the contributions of his roommate, to pay his own household expenses, the record before the Hearing Examiner indicates that respondent still had access to the Corvette, valued at $12,000, as well as his mutual fund investments, from which to meet his support obligation until his business became profitable. Having considered these resources, along with the financial situation of petitioner, who declared bankruptcy during the pendency of this action, the standard of living that would have been enjoyed by the children had the parties remained married to each other, the special needs of the parties' youngest children, who are severely handicapped and to a large extent supported by the State, and the nonmonetary contributions made by both parents to the welfare of the children, and finding the other factors to have no bearing in this case *(see,* Family Ct Act § 413 [1] [f]), we believe that a child support contribution of $250 per month is appropriate. The arrearage, which currently amounts to approximately $11,000, is to be paid at the rate of an additional $150 per month. In view of the fact that considerable time has passed since the fact-finding hearing, the parties are, of course, free to petition for modification of these amounts, including the rate at which the arrearage is to be paid, on the basis of changed circumstances.

We have considered respondent's arguments focusing on the claimed dissipation of funds by petitioner, and the debt owed respondent under the parties' stipulation, which was apparently discharged in bankruptcy, and find these matters to be irrelevant to the children's right to adequate support.

Mikoll, J. P., Crew III and Casey, JJ., concur. Ordered that the order is modified, on the law and the facts, without costs, by directing that respondent pay $250 per month for the support of the parties' five children, with arrears calculated from January 17, 1990, the date of petitioner's initial applica-

tion for support, to be paid in monthly installments of $150, and, as so modified, affirmed.