■ NANCY SANTY, Respondent, v JOHN SANTY, Appellant. [616 NYS2d 92] —In a matrimonial action, the defendant husband appeals from an order of the Supreme Court, Orange County (Barone, J.), dated June 7, 1993, which, *inter alia,* (1) granted the plaintiff wife permission to relocate to Arizona with the parties' infant son, and (2) directed him to pay $50 per week in child support until such time as he either becomes employed or begins to receive pension benefits.

Ordered that the order is affirmed, without costs or disbursements.

We agree with the Supreme Court that the plaintiff succeeded in demonstrating exceptional circumstances, based upon economic necessity, justifying her relocation *(see generally, Amato v Amato,* 202 AD2d 458; *Ladizhensky v Ladizhensky,* 184 AD2d 756; *Hemphill v Hemphill,* 169 AD2d 29; *cf., Gruenspecht v Gruenspecht,* 191 AD2d 612). We also agree with the Supreme Court that the defendant husband should be required to pay child support in the sum of $50 per week, retroactive to the date of the plaintiff's application, until such

time as he begins to receive his pension benefits, or until such time as he finds new employment.

The defendant husband earned an annual salary of approximately $72,000 according to his 1992 net worth statement. However, owing to his employer's financial problems, the defendant could not retain his old position and opted for early retirement. He would not be receiving any regular income for at most two years, at which time his receipt of pension benefits would commence. These factors, combined with the other unique circumstances of this case, rendered strict application of the Child Support Standards Act inappropriate *(see,* Domestic Relations Law § 240 [1-b]). We find that the self-created interruption in the defendant husband's stream of income, an interruption which will be of brief duration, is a factor which would render it "unjust and inappropriate" to determine his child support obligations in accordance with the usual statutory guidelines *(see,* Domestic Relations Law § 240 [1-b] [g]; *see also,* Domestic Relations Law § 240 [1-b] [f] [10]).

We have examined the defendant's remaining arguments, and find them to be without merit. Bracken, J. P., Altman, Krausman and Goldstein, JJ., concur.