■ In the Matter of **Commissioner of Social Services**, on Behalf of **Dawn M. Obremski**, Respondent, v **Klaus Dietrich**, Appellant. [617 NYS2d 723] —Order, Family Court, New York County (Mary Bednar, J.), entered September 14, 1992, which denied respondent's objections to the Hearing Examiner's order of support directing respondent to pay petitioner, *inter alia,* $38 a week effective September 21, 1992 and to obtain employer-sponsored dependent health insurance for the subject child, unanimously modified, on the law and the facts, to require respondent to obtain such health insurance if and when he becomes eligible therefor, and otherwise affirmed, without costs.

We agree with the Fourth Department that the 30-day period under Family Court Act § 439 (e) to file objections to a

Hearing Examiner's order does not begin to run until such order is served with notice of entry *(Matter of Canfield v Canfield,* 185 AD2d 611), and hold that Family Court should not have denied respondent's objections as untimely absent proof that such 30-day period, so measured, had run. Upon review of the record, we agree with the Hearing Examiner that respondent, who is 26 years old and has two years of college and no demonstrated mental or physical disability or inability to work, other than a lack of desire to do so, should be able to earn the means to support his child *(cf., Matter of Beaudoin v Joseph K.,* 165 AD2d 359). The order's support requirement in excess of the minimum amount is based on respondent's demonstrated past earning ability, is prospective only, and otherwise, reasonable. We modify the health insurance provision of the order to clarify that it is to take effect only if and when respondent becomes employed and eligible for employer-provided insurance for dependents. Concur—Sullivan, J. P., Ross, Asch and Rubin, JJ.