■ In the Matter of STEVEN E. OGBORN, Appellant, v REBECCA S. HILTS, Respondent. [692 NYS2d 490] —Mercure, J. Appeals (1) from an order of the Family Court of Delaware County (Estes, J.), entered June 30, 1998, which, *inter alia*, granted respondent's objections to the Hearing Examiner's findings with regard to the amount of child support petitioner was required to pay, and (2) from an order of said court (Stiles, H.E.), entered July 21, 1998, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 4, for a downward modification of a prior child support order.

A March 1995 Family Court order required petitioner to pay $90.44 per week for the support of the parties' four children. On December 12, 1997, petitioner filed a petition seeking a downward modification of that order. The matter came on for a hearing and the Hearing Examiner found that petitioner had demonstrated changed circumstances. By order entered March 10, 1998, the Hearing Examiner reduced petitioner's support obligation to $50 per month based upon petitioner's disability income of $170 per week.

Respondent thereafter filed objections to the Hearing Examiner's determination. By order entered June 30, 1998,

Family Court sustained respondent's objections, finding that the support obligation of $50 per month was unjust and inappropriate in light of petitioner's income and his substantial assets. The matter was therefore remitted to the Hearing Examiner for new findings determining the appropriate child support obligation and requiring petitioner to reinvest or liquidate his assets in order to provide for his children. Upon remittal, the Hearing Examiner concluded that, taking into account the assets identified in Family Court's order, petitioner had "sufficient income, income producing assets, and nonincome-producing resources to be able to pay child support at the rate of $90.44 per week as previously ordered". The Hearing Examiner accordingly dismissed the modification petition by order entered July 21, 1998. Family Court denied respondent's ensuing objections and respondent now appeals from Family Court's June 30, 1998 order and the Hearing Examiner's July 21, 1998 order.

We affirm. Initially, we reject the contention that Family Court erred in granting respondent two extensions of time for filing her objections to the Hearing Examiner's March 10, 1998 order. Unlike the nonwaivable and jurisdictional time period for filing a notice of appeal (*see*, CPLR 5513 [a]; *Matter of Haverstraw Park v Runcible Props. Corp.*, 33 NY2d 637), the courts need not require strict adherence to the deadlines of Family Court Act § 439 (e) (*see*, *Matter of Onondaga County Commr. of Social Servs. [Chakamda G.] v Joe W. C.*, 233 AD2d 908; *Matter of Corcoran v Stuart*, 215 AD2d 340). In view of the fact that respondent was unrepresented in the proceedings before the Hearing Examiner and the counsel she subsequently retained needed the hearing transcript in order to prepare objections and also that respondent moved for the first extension prior to the expiration of the statutory time for filing objections, we perceive no abuse of discretion (*see*, *Matter of Onondaga County Commr. of Social Servs. [Chakamda G.] v Joe W. C.*, *supra*). In any event, because the record contains no evidence as to the date when the Hearing Examiner's order and notice of entry were mailed to respondent, petitioner has failed to establish that respondent's objections were untimely filed (*see*, *Matter of Canfield v Canfield*, 185 AD2d 611; *accord*, *Matter of Commissioner of Social Servs. [Obremski] v Dietrich*, 208 AD2d 474).

Next, we are unpersuaded that Family Court erred in its conclusion that petitioner's nonincome-producing assets could be considered in determining whether petitioner had established a sufficient basis for a downward modification of his

child support obligation. Notably, the Child Support Standards Act grants Family Court discretion to attribute or impute income from nonincome-producing assets to a parent charged with the support of his or her children (*see*, Family Ct Act § 413 [1] [b] [5] [iv] [A]). Further, as this Court previously stated: "It is not necessary that the court be able to impute income from an asset in order to consider it as a resource. Once the amount of basic child support obligation is found to be unjust or inappropriate, all resources may be considered, in whatever manner the court deems reasonable. In a given set of circumstances, the court may determine that it is appropriate to require a parent to reinvest or liquidate certain assets to provide for his or her children" (*Matter of Webb v Rugg*, 197 AD2d 777, 779).

Petitioner does not dispute that he received an $85,000 personal injury settlement in 1996 and his own financial disclosure affidavit showed that he owned two vehicles valued at $16,000 and $14,000, a residence with a net equity of $79,000, an $8,000 building lot and an IRA with a value of over $5,000. In our view, these assets were properly considered in determining the extent to which petitioner could satisfy his existing support obligation (*see*, *Matter of Greenier v Breason*, 251 AD2d 703, 704; *Matter of Webb v Rugg, supra*).

Finally, we conclude that petitioner had every reasonable opportunity to develop a complete record of his assets and the manner in which they were held at the first hearing, and that no error was committed in dismissing the petition without affording him a further hearing.

Mikoll, J. P., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the orders are affirmed, without costs.