[735 NYS2d 181]

In the Matter of EDWARD J. CODY, III, Appellant, v AMY S. EVANS-CODY, Respondent.

Second Department, December 24, 2001

### APPEARANCES OF COUNSEL

*Owen & Eddy,* White Plains (*R. Christopher Owen* of counsel), for appellant.

*Amy S. Evans-Cody,* Cochise, Arizona, respondent pro se.

### OPINION OF THE COURT

H. MILLER, J.

The petitioner father has sole custody of the parties' three children. The issue on this appeal is whether the Family Court erred in failing to consider the respondent mother's inheritance in calculating her child support obligation. For the reasons which follow, we conclude that the Family Court erred in failing to award additional child support based upon this resource.

The relevant facts are not in dispute. On May 26, 1999, the respondent left her three children and the petitioner in Westchester County and moved to Arizona. She did not notify the petitioner prior to her departure. Upon arriving in Arizona, the respondent obtained work on a ranch as a "wrangler," guiding tourists by horse into the surrounding countryside. At the time of her departure, the respondent had approximately $130,000 in various bank accounts from money that she had inherited from her father's estate. During the marriage, the respondent used the inheritance to pay the mortgage and taxes on the marital residence, which were approximately $1,374 per month.

The petitioner obtained sole custody of the parties' three children, ages 5, 9, and 11, on September 20, 1999, and filed a petition for child support the same day. The parties were divorced pursuant to a judgment obtained by the respondent in Arizona on October 14, 1999. On October 15, 1999, the respondent married Harold Rouch, another employee at the ranch.

During the hearing on the support petition, the respondent testified that she used her inheritance money to purchase a

mobile home and 25 acres of land in Arizona, as well as furnishings, appliances, and a septic tank for her new home. The respondent took a mortgage in the amount of $15,000 on the property in Arizona and purchased a 1999 Jeep valued at $19,000. According to the respondent's financial disclosure form, her gross wages at the ranch are $21,455 per year. The respondent, who has worked as a receptionist in the past, acknowledged that employment opportunities were limited where she currently resides. The respondent has a high school education and has taken some college courses. The respondent's new husband earns $260 per week at the ranch. The petitioner earns approximately $40,000 per year.

On February 17, 2000, the Hearing Examiner ordered, *inter alia,* that the respondent pay $1,335.25 per month in child support for her three children. After determining that the respondent's basic child support obligation under the Child Support guidelines was $484.37 per month, the Hearing Examiner concluded that an order based solely upon the respondent's wages would be "unjust and inappropriate" in light of her inheritance. The Hearing Examiner noted that the respondent's children had benefited from her payment of the mortgage and taxes before her abrupt move to Arizona.

Upon the respondent's filing of objections, the Family Court, Westchester County, reduced the child support award to $484.37 per month by order entered May 3, 2000. The Family Court reasoned that while the amount of the respondent's basic child support obligation was minimal, it could not direct her to pay additional child support based upon her inheritance because that money "had been entirely spent."

On appeal, the petitioner contends that the Family Court should have considered the respondent's inheritance in determining the amount of her child support obligation, notwithstanding her dissipation of this resource. We agree and conclude that the respondent should be directed to pay $900 per month in child support for her three children.

The Child Support Standards Act (hereinafter the CSSA), codified in Domestic Relations Law § 240 and Family Court Act § 413, sets forth a formula for calculating the "basic child support obligation" and the noncustodial parent's pro rata share of that obligation (*see, Matter of Cassano v Cassano,* 85 NY2d 649, 652). Inheritances are not included in the combined parental income used to calculate the "basic child support obligation" (*see,* Domestic Relations Law § 240 [1-b] [e] [4]; Family Ct Act § 413 [1] [e]; *Matter of Scomello v Scomello,* 260

AD2d 483, 484; *Matter of Bryant v Bryant,* 235 AD2d 116, 120). However, the CSSA authorizes the court to award additional support beyond the noncustodial parent's basic child support obligation (*see,* Domestic Relations Law § 240 [1-b] [f], [g]; Family Ct Act § 413 [1] [f], [g]). If the basic award calculated from the parties' income is "unjust or inappropriate," a court shall order the noncustodial parent to pay "such amount * * * as [it] finds just and appropriate" (Domestic Relations Law § 240 [1-b] [g]; Family Ct Act § 413 [1] [g]). Thus, the court may deviate from the formula used to determine a noncustodial parent's basic child support obligation when strict application of the guidelines will produce unjust or inappropriate results (*see,* Family Ct Act § 413 [1] [f], [g]; Domestic Relations Law § 240 [1-b] [f], [g]; *Matter of Barrett v Barrett,* 281 AD2d 799; *Carlson-Subik v Subik,* 257 AD2d 859, 861; *Santy v Santy,* 207 AD2d 535). Where additional support is warranted, the court must consider all of the parties' financial resources (*see,* Family Ct Act § 413 [1] [f] [1]; Domestic Relations Law 240 [1-b] [f] [1]; *Matter of Webb v Rugg,* 197 AD2d 777).

In addition to the provisions requiring the court to consider all of the parent's financial resources where additional support is warranted (*see,* Family Ct Act § 413 [1] [f] [1]; Domestic Relations Law § 240 [1-b] [f] [1]), the CSSA expressly authorizes the court to allocate a proportion of a parent's inheritance to child support. Family Court Act § 413 (1) (e) provides in relevant part as follows:

> "Where a parent is or may be entitled to receive non-recurring payments from extraordinary sources not otherwise considered as income pursuant to this section, including * * * [g]ifts and inheritances * * * the court * * * may allocate a proportion of the same to child support, and such amount shall be paid in a manner determined by the court."

The identical provision is contained in Domestic Relations Law § 240 (1-b) (e). Thus, there is clear statutory authority for factoring the respondent's inheritance into her child support obligation.

Other jurisdictions have also concluded that a parent's inheritance is a proper consideration in computing child support. In some jurisdictions, the entire amount of the inheritance is included as gross income for purposes of determining child support (*see, Gardner v Yrttima,* 743 NE2d 353 [Ind]; *Humphreys v DeRoss,* 737 A2d 775 [Pa], *lv granted* 563 Pa 216, 759 A2d 371; *Ford v Ford,* 1998 WL 730201, 1998 Tenn App LEXIS

703; *Goldhamer v Cohen,* 31 Va App 728, 525 SE2d 599; *Forsythe v Forsythe,* 41 Va Cir 82). Other states, however, have held that only the interest generated by the inheritance constitutes gross income (*see, Rowlett v Bunton,* 68 Ark App 228, 6 SW3d 372; *County of Kern v Castle,* 75 Cal App 4th 1442, 89 Cal Rptr 2d 874; *In re Marriage of Armstrong,* 831 P2d 501 [Colo]; *Stula v Stula,* 1998 WL 457694, 1998 Conn Super LEXIS 2132; *Reech v Reech,* 1997 WL 37740, 1997 Ohio App LEXIS 318 [8th Dist]; *Matter of Gainey v Gainey,* 89 Wash App 269, 948 P2d 865; *Helgeson v Helgeson,* 190 Wis 2d 468, 528 NW2d 91). A third approach, adopted in New York, is to treat inheritances as a factor in deviating from the basic child support obligation and awarding additional child support (*see, Matter of Bryant v Bryant, supra; see also, Connell v Connell,* 313 NJ Super 426, 712 A2d 1266; *County of Kern v Castle,* 75 Cal App 4th, *supra,* at 1455-1456, 89 Cal Rptr 2d, *supra,* at 883 [while lump-sum inheritance of $240,000 did not constitute income for purposes of calculating father's gross income, it was an available resource which court should factor into its support determination]). Thus, while New York does not consider inheritances to fall within the statutory definition of gross income used to calculate a parent's basic child support obligation, it treats the entire amount of the inheritance as an available resource where additional support is warranted. In awarding additional support based upon this resource, the court is not limited to the amount of interest that the inheritance earned or would have earned if invested (*see,* Domestic Relations Law § 240 [1-b] [e] [4]; Family Ct Act § 413 [1] [e]).

In this case, the Family Court erred in failing to award additional child support based upon the respondent's inheritance. A child support award based solely on the respondent's income, which is admittedly minimal, is unjust and inappropriate in light of the $130,000 available to her when she left the marital residence (*see, Santy v Santy, supra* [self-created interruption in father's stream of income was a factor which rendered it "unjust and inappropriate" to determine his child support guidelines in accordance with the usual statutory guidelines]; *Carlson-Subik v Subik, supra; Matter of Webb v Rugg, supra,* at 778). The standard of living maintained by the family during the marriage was made possible because the petitioner's modest income was supplemented by the respondent's inheritance. The respondent's three children benefited, and came to rely, on the fact that this resource was used to pay the mortgage and taxes.

The Family Court erroneously concluded that it could not award additional support based upon the respondent's inheritance since she had used this money to finance her move to Arizona. A court has the discretion to consider an inheritance as a financial resource, notwithstanding the fact that the parent may have spent it (*see, Humphreys v DeRoss, supra* [father used inheritance to purchase new home and other items for his new family; court ruled that entire amount of inheritance should be included as gross income used to calculate his support obligation]; *County of Kern v Castle,* 75 Cal App 4th, *supra,* at 1455, 89 Cal Rptr 2d, *supra,* at 883 [father spent entire inheritance between hearing dates; trial court abused its discretion in not factoring the inheritance into its support determination]; *In re Marriage of Armstrong, supra,* at 502 [father used inheritance to make gift to new wife and maintain business ventures; court imputed interest income inheritance would have generated if invested]; *Connell v Connell, supra* [father used inheritance funds to buy a new home; court imputed interest income inheritance would have earned if invested]). As the Third Department has observed:

> "It is not necessary that the court be able to impute income from an asset in order to consider it as a resource. Once the amount of basic child support obligation is found to be unjust or inappropriate, all resources may be considered, in whatever manner the court deems reasonable. *In a given set of circumstances, the court may determine that it is appropriate to require a parent to reinvest or liquidate certain assets to provide for his or her children.*" (*Matter of Webb v Rugg, supra,* at 779 [emphasis added]; *see also, Matter of Ogborn v Hilts,* 262 AD2d 857, 859.)

In this case, the respondent's assets include her one-half interest in the marital home in New York as well as her assets in Arizona.

Parents have a duty to use available financial resources to support their children (*see, County of Kern v Castle,* 75 Cal App 4th, *supra,* at 1453, 89 Cal Rptr 2d, *supra,* at 881-882). A parent cannot insulate an inheritance from consideration for child support by transforming it into a nonincome producing asset (*see, Connell v Connell,* 313 NJ Super, *supra,* at 433, 712 A2d, *supra,* at 1269). As noted in *Connell:*

> "In child support cases where a parent has received

an inheritance and invested all or a portion of it in a non-income producing asset, or even dissipated it, the inheritance and its capacity to produce income may be considered when computing child support." (313 NJ Super at 433, 712 A2d at 1269.)

Despite her knowledge of the petitioner's modest income and the family's reliance upon her inheritance as a resource to pay the mortgage, the respondent failed to preserve any of this resource for her children or to consider the limited job opportunities in Arizona. The respondent's voluntary choice of placing her inheritance in nonincome producing assets does not result in exclusion of those assets from consideration in the child support equation. Accordingly, we conclude that the order should be modified by deleting the provision thereof directing the respondent to pay the petitioner $484.37 per month in child support and substituting a provision therefor directing her to pay the petitioner $900 per month in child support.

RITTER, J. P., KRAUSMAN and LUCIANO, JJ., concur.

Ordered that the order is modified, on the law and as an exercise of discretion, by deleting the provision thereof directing the respondent to pay the petitioner $484.37 per month in child support and substituting therefor a provision directing her to pay the petitioner $900 per month in child support; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.