Matter of Juliya V. v Aleksandr V. (2019 NY Slip Op 02031)





Matter of Juliya V. v Aleksandr V.


2019 NY Slip Op 02031


Decided on March 19, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2019

Sweeny, J.P., Webber, Gesmer, Singh, JJ.


8732A 8732

[*1] In re Juliya V., Petitioner-Appellant,
v
Aleksandr ., Respondent-Respondent.


Law Office of Cabelly & Calderon, Jamaica (Lewis S. Calderon of counsel), for appellant.



Order, Family Court, New York County (Emily M. Olshansky, J.), entered on or about February 7, 2017, which denied petitioner's objection to the November 2, 2016 order of the Support Magistrate on the ground that it had not been served on respondent's assigned counsel, unanimously reversed, on the law and the facts, without costs, and the matter remanded for a determination on the merits of petitioner's objection. Order, same court and Judge, entered on or about August 1, 2017, which denied petitioner's objection to the May 19, 2017 order of the Support Magistrate, as untimely, unanimously reversed, on the law and the facts, without costs, and the matter remanded to Family Court for a determination of the objection on the merits.
Pursuant to Family Court Act 439(e), petitioner was required to serve her objections to the May 19, 2017, order within 35 days of its mailing. Despite the Family Court's assertion that the order was mailed on May 25, 2017, there is no evidence in the record to support this. Petitioner submitted a copy of an envelope stamped "May 31, 2017," in which she asserts the order was mailed, making petitioner's objections, filed July 3, 2017, timely as a matter of law (see e.g. Matter of Commissioner of Soc. Servs. v Dietrich, 208 AD2d 474 [1st Dept 1994]; Matter of Kao v Kao, 165 AD3d 944 [2d Dept 2018]). Given the absence of any other evidence in the record, and of opposition to this appeal, the envelope is accepted as unrebutted.
With regard to the issue of petitioner's service of her objections to the November 2, 2016 order of the Support Magistrate, respondent was assigned counsel purely for the violation petition and not for the support petition, as there is no right to assigned counsel for support matters (Matter of Charity Akosua A. v Nana A., 132 AD3d 462, 463 [1st Dept 2015], lv denied 26 NY3d 1072 [2015]). As such, respondent was pro se on the issue of support, and petitioner's service on him was appropriate (CPLR 2103 [c]).
We have considered petitioner's remaining arguments and find them to be beyond the scope of the appeal.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 19, 2019
CLERK