■ In the Matter of THOMAS POWERS, Respondent, v. MAX H. FOLEY et al., Constituting the Board of Standards & Appeals of the City of New York, Appellants.— In a proceeding under article 78 of the CPLR to direct the Board of Standards and Appeals of the City of New York to accept and act on petitioner's application, retroactive to December 15, 1964, for an extension of time to complete the construction of a building, and to accept any further applications for similar extensions, the board appeals from a judgment of the Supreme Court, Kings County, dated July 7, 1965, which granted the petition. Judgment reversed on the law, without costs, and petition denied. The petitioner was granted an extension of time by the board, expiring on December 15, 1964, to complete construction of a retail store building for which the board had previously issued a permit (Zoning Resolution of the City of New York, §§ 11-321, 11-322). By December 15, 1964 he had completed the piling, footings, foundation and first floor of the building. He sought a second extension of time for the period of one year by a second application dated April 14, 1965, and this application was refused by the board because it had not been made, as required by the Zoning Resolution, before the expiration date of the previous extension of time (Zoning Resolution, § 11-324). In our opinion, the board was without power to entertain or to act on the petitioner's application since section 11-324 of the Zoning Resolution provides that, where the board has granted an extension of a building permit, the permit shall lapse unless, before the expiration of the extension, the building is completed or an application for a further extension of time is made and not denied. The board is not bound to accept and act on petitioner's application, although it may have accepted and granted applications for similar relief in other instances (see *Matter of Larkin Co.* v. *Schwab*, 242 N. Y. 330, 336). The board is not bound to continue error in its interpretation of the law governing its powers. Nor does CPLR 2004 permit an extension of time to be granted to the petitioner; it applies to extensions of time for the doing of acts in actions and proceedings and not for the doing of acts which are substantive in character and provided for under other statutes (cf. *Matter of Keep* v. *City of Lockport*, 241 App. Div. 556, affd. 266 N. Y. 583; cf. *Denise* v. *Welch*, 242 App. Div. 34). Ughetta, Acting P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.