■ In the Matter of DEMETRIUS E. CARASSAVAS, Appellant, v NEW YORK STATE DEPARTMENT OF SOCIAL SERVICES, Respondent. — Appeal from a judgment of the Supreme Court at Special Term (Cerrito, J.), entered April 9, 1981 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent denying petitioner's request for an administrative hearing. In June, 1980, petitioner, a physician, was convicted of two felonies, grand larceny in the third degree and offering a false instrument for filing. Both convictions arose from his activity as a provider of medical services under the Medicaid program. By letter dated July 22, 1980, respondent notified petitioner that he was permanently disqualified from participating in the Medicaid program pursuant to 18 NYCRR 515.2 and 515.3. Further, petitioner was informed that if he wished to contest the determination, he had a right to request a hearing within 21 days of the notice. By letter dated August 15, 1980, 24 days subsequent to the July 22, 1980 notice, petitioner requested a hearing. Respondent denied the request as untimely. Petitioner commenced this CPLR article 78 proceeding to annul and vacate that determination. Special Term dismissed the petition and this appeal ensued. Since petitioner concedes that his request was not made until 24 days after his notice of disqualification, it cannot be said that respondent acted arbitrarily in denying his request for a hearing. The July 22, 1980 letter afforded petitioner acceptable notice of his right to a hearing and his failure to timely respond constituted a waiver of that right (see *Silverstein v Minkin,* 49 NY2d 260; *Matter of Flemming v Cagliostro,* 53 AD2d 187, mot for lv to app den 40 NY2d 806). Petitioner's attempt to extend the time for requesting a hearing must be rejected. The three-day extension provided by CPLR 2103 (subd [b]) following service of papers by mail, by its own terms applies only to service of papers during a pending civil action or special proceeding (*Monarch Ins. Co. v Pollack,* 32 AD2d 819). This court has expressly held that "CPLR 2103 has no application to the service of papers by administrative agencies prior to the commencement of a judicial proceeding" (*Matter of Express Limousine Serv. v Hennessy,* 72 AD2d 864, 865). Next, CPLR 2004, which permits judicial extension of time limits, has no application to time limits set forth in statutes or regulations other than those contained in the CPLR (*Matter of Powers v Foley,* 25 AD2d 525; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2004:2, pp 512-513). Judgment affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Yesawich, Jr., JJ., concur.