■ KATHLEEN MCFARLAND, Appellant-Respondent, v DOUGLAS MCFARLAND, Respondent-Appellant. [634 NYS2d 290] —Order and judgment unanimously modified on the law and as modified affirmed with costs to plaintiff in accordance with the following Memorandum: Plaintiff appeals and defendant cross-appeals from an order and judgment (one document) that determined certain economic issues in connection with a prior judgment of divorce. Plaintiff contends that Supreme Court erred in its calculation of child support under the Child Support Standards Act (CSSA) by failing to take into account defendant's capital gains income; that the court should have ordered child support retroactive to the date of the application, June 10, 1992; and that the court erred in distributing the parties' second residence. On his cross appeal, defendant contends that the court erred in awarding plaintiff shares of stock that allegedly had been transferred to plaintiff by defendant's father in constructive trust for defendant's brother.

We conclude that the court erred in excluding defendant's capital gains from the CSSA calculation. Defendant does not earn wages, but supports himself almost entirely from dividends and capital gains earned in connection with a large

portfolio of stock, worth approximately $820,000. For the year 1992, defendant had a net non-wage income of $48,431 (excluding FICA), including $12,243 in gains from the sale of stock. In its decision, the court concluded that application of the CSSA to this case "is proper and the court will not deviate therefrom." The court nevertheless excluded the capital gains from defendant's income, which the court found to be $36,332, giving rise to a weekly child support obligation of $175 per week. We hold that capital gains are properly considered income for CSSA purposes, as a result of the interplay between Domestic Relations Law § 240 (1-b) (b) (5) (i) and various provisions of the Internal Revenue Code defining gross income to include capital gains (see also, Domestic Relations Law § 240 [1-b] [b] [5] [ii] [defining CSSA income as including "investment income"]). The statute also provides that, in order for the court to depart from the CSSA formula, it must find that strict application of the formula would be "unjust or inappropriate" (Domestic Relations Law § 240 [1-b] [f]). Defendant made no such showing. Where approximately one quarter of defendant's income consists of gains from the sale of stock, there is no reason to exclude gains realized as a result of such sales. We note that, under the court's analysis, defendant could entirely avoid his child support obligations by holding his assets exclusively in the form of non-dividend stocks. Defendant's child support obligation must be recalculated in accordance with the formula. Multiplying defendant's CSSA income of $48,431 by the statutory factor of .25, defendant's child support obligation is $12,108 per year, or $233 per week. The order and judgment is modified accordingly.

The order and judgment is further modified to provide that child support is retroactive to June 10, 1992, the date of the application therefor (see, Domestic Relations Law § 236 [B] [6] [a]; [7] [a]; § 240 [1]; Burns v Burns, 84 NY2d 369, 377; Matter of Panossian v Panossian, 201 AD2d 983, 984). In the calculation of retroactive support, defendant will be entitled to appropriate credits and adjustments for temporary support payments made by him (see, Burns v Burns, supra; Matter of Panossian v Panossian, supra).

We have considered the remaining contentions of the parties and conclude that they are without merit. (Appeals from Order and Judgment of Supreme Court, Erie County, Cosgrove, J.— Child Support.) Present—Denman, P. J., Lawton, Doerr, Balio and Boehm, JJ.