■ In the Matter of DENISE JONES, Respondent, v BRADLEY R. REESE, Appellant. [642 NYS2d 378] —Mikoll, J. Appeal from an order of the Family Court of Albany County (Maney, J.), entered October 4, 1995, which granted petitioner's application, in a proceeding pursuant to Family Court article 4, to modify respondent's child support obligation.

Petitioner and respondent are parents of a son born to them out of wedlock. They have never lived together as a family. Petitioner and the child live in the City of Albany. Respondent, a physician, resides in Florida. There is a large disparity in the incomes of the parents.

The question presented for our review at this time is whether Family Court abused its discretion in fixing the noncustodial father's support obligation for the parents' infant son at $3,532.41 per month based on application of the formula percentages set forth in the Child Support Standards Act (hereinafter CSSA; see, Family Ct Act § 413 [1] [f]) to the combined income of both parents exceeding $80,000 and whether Family Court sufficiently articulated its reason for its decision (see, Matter of Cassano v Cassano, 85 NY2d 649). We find no abuse of the court's discretion in the application of the CSSA formula. There is also a sufficient articulation of the presence or absence of extraordinary circumstances.

The facts and procedural history of this case are fully set forth in our previous decision in this case (217 AD2d 783). There, we reversed and remitted the matter to Family Court to reconsider the initial petition in light of the recent holding of the Court of Appeals in Matter of Cassano v Cassano (supra). Family Court's prior decision herein was entered May 12, 1994.

After hearings were held the Hearing Examiner found that combined parental income was $315,553.06 and, of that amount, petitioner's gross income was $22,370.96 while respondent's was $293,182.10. Family Court determined that respondent's support obligation was $1,787.46 per month calculated on the basis of the needs of the child, not the combined income of his parents. This was a downward modification of the Hearing Examiner's finding that respondent's support obligation was $2,700 per month. The court amended the order of the Hearing Examiner accordingly.

Upon remittal the parties have stipulated that the determination of Family Court after remittal is to be based on the record already compiled. There is no dispute that the 17% applies to the amount of parental income under $80,000. Upon remittal the Hearing Examiner made new conclusions of law and determined that application of the CSSA formula percentage

would result in nearly a $50,000 annual support obligation, which would be unjust and inappropriate pursuant to Family Court Act § 413 (1) (f). The Hearing Examiner reasoned that because of the significant difference in the lifestyle of the parents, the CSSA percentage should be applied to the combined income over $80,000, but declined to do so finding that it would be inappropriate because of significant nonmonetary contributions by respondent to the child: a bedroom set, a bicycle, clothes, toys and swimming lessons. However, no value was assigned to these items in the record and they do not appear to be nonmonetary in nature. The Hearing Examiner credited respondent with travel expenses for visitation incurred amounting to $7,300 for the first nine months of 1993 but did not otherwise articulate any other reason for concluding that respondent's child support obligation should be $1,940 per month plus $698 monthly for child care expenses and $65 per month for nursery school.

Family Court in its written decision after remittal reviewed the law in light of *Matter of Cassano v Cassano* (85 NY2d 649, *supra*) and applied the CSSA percentage of 17% to the combined parental income over $80,000, finding that respondent's share of the support obligation was $1,054 per month on the first $80,000 of parental income and $3,103.41 per month on the income in excess of $80,000. Family Court then deducted $7,500 in extraordinary travel expenses respondent incurred in visiting his son and adjusted respondent's monthly obligation downward to $3,532.41.

Respondent's assertion that Family Court erred in making its determination of respondent's support obligation on remittal without any reference to the needs of the child is misplaced. The case of *Matter of Cassano v Cassano* (*supra*) requires that the application of the CSSA percentage in computing the award of child support under Family Court Act § 413 (1) (f) be based on the combined income of the parents, not the needs of the child (*see, Matter of Cassano v Cassano, supra*, at 653; *see also, LaBombardi v LaBombardi*, 220 AD2d 642, 644; *Matter of Lucille Ann D. v David F. K.*, 219 AD2d 874, 875).

Respondent's argument that the *Cassano* decision is not applicable because the infant was born out of wedlock is rejected (*see, Matter of Donna R. v Robert P.*, 209 AD2d 623, 624; *see also, Matter of Kathy G. J. v Arnold D.*, 116 AD2d 247, 256-257, *lv dismissed* 68 NY2d 713, *cert denied* 479 US 1054). Nor is it relevant that the parents never lived together as the child was not at fault (*see, supra*).

Finally, we reject respondent's argument that Family Court

did not sufficiently articulate its reasons for choosing to apply the CSSA percentage formula (*see, Matter of Cassano v Cassano, supra,* at 654-655). Here, the Hearing Examiner detailed the parties' circumstances after conducting a thorough hearing on the issue, but misapplied the applicable factors. Family Court reviewed the decisions and orders of the Hearing Examiner and the law involved in light of the *Cassano* case and indicated that the Hearing Examiner's conclusion that it was inappropriate and unjust to apply the 17% formula to the parental income over $80,000 was incorrect. Further, Family Court's decision and order demonstrates that it applied the formula correctly by reducing respondent's pro rata share of support based upon respondent's extraordinary travel expenses. Thus, the record indicates that Family Court considered whether and to what extent extraordinary expenses and other relevant factors were present relative to application of the statutory 17% formula, and that its decision was justified and not an abuse of discretion.

White and Casey, JJ., concur.

Cardona, P. J. (dissenting). I respectfully dissent. Whether a court exercises its discretion to apply the statutory formula, apply the "paragraph (f)" factors (*see,* Family Ct Act § 413 [1] [f]) or apply both in fixing the basic child support obligation on combined parental income in excess of $80,000, the court must articulate its reasons for the choice (*see, Matter of Cassano v Cassano,* 85 NY2d 649). Absent some articulation, there can be no meaningful appellate review of whether the court properly considered the parties' circumstances in making its choice (*see, supra,* at 655)

Here, Family Court failed to enunciate its reasons for opting to apply the prescribed child support percentage to the combined parental income over $80,000. Nor is Family Court's obligation satisfied by the majority's references to the Hearing Examiner's decision detailing the parties' circumstances since that decision was not confirmed by Family Court. In my opinion, Family Court was required to separately "set forth the 'ultimate facts', upon which the exercise of its discretion was based" (*Manno v Manno,* 224 AD2d 395, 397).

I would remit this matter to Family Court to determine the amount of child support by exercising its discretion to apply the "paragraph (f)" factors, or to apply the statutory percentage, or to apply both in fixing the basic child support obligation on the combined parental income over $80,000, supported by a recitation of the ultimate facts upon which the exercise of its discretion is based (*see, Matter of Cassano v Cassano, supra,* at 655).

While the emphasis in calculating child support is on the standard of living that should be shared with a child, the assessment of what should be the child's standard of living should be based on reason and fairness. Child support should not be perceived as a disguised source of income for the custodial parent. Therefore, in my view, the court should identify specific enhancements to the child's standard of living that will directly benefit the child.

Ordered that the order is affirmed, without costs.