■ LOUISE FURO, Respondent, v NASSER VICTORY, Appellant. [679 NYS2d 130] —Order, Family Court, New York County (Sheldon Rand, J.), entered on or about June 23, 1997, which, to the extent appealed as limited by respondent-appellant's brief, denied his objections and confirmed a Hearing Examiner's decision and supplemental decision ordering respondent to pay child support in the amount of $1,808 per month for the subject child, unanimously modified, on the law and the facts, respondent's objections granted to the extent of requiring the deduction of $60,000 from the combined parental income pursuant to Family Court Act § 413 (1) (b) (5) (vii) (B) and (D), resulting in an award of $951.85 per month for the subject child, and otherwise affirmed, without costs.

On this record, the Hearing Examiner's calculation of respondent's actual income was not unjust (*see, e.g., Isaacs v Isaacs*, 246 AD2d 428), and since determination of actual parental income permits the use of the statutory percentage, the needs of the subject child are irrelevant insofar as the first $80,000 of combined parental income is concerned (*see, Matter of Jones v Reese*, 227 AD2d 783, 784). We agree with respondent, however, that the court erred in declining to reduce the parental income figure by $60,000, since respondent's 1995 tax return indicates that that amount was "actually paid" by respondent as maintenance and child support to his former wife (*see*, Family Ct Act § 413 [1] [b] [5] [vii] [B], [D]). Accordingly, the combined parental income figure should have been $85,050, of which the father's pro rata share is 79%. Using the statutory percentage of 17%, which we find to have been correctly applied, the father's pro rata share of support is $11,422.22 annually, or $951.85 per month. As to the amount by which the combined parental income exceeds $80,000 (*see*, Family Ct Act § 413 [1] [c]), we find that the Hearing Examiner articulated a valid basis for continuing to apply the statutory percentage, rather than considering factors including the subject child's actual needs (*see, e.g., Matter of Lo Macchio v Lo Macchio*, 247 AD2d 539). We have considered respondent's remaining arguments and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Nardelli, Williams and Andrias, JJ. [As amended by unpublished order entered Jan. 7, 1999.]