■■■ In the Matter of ELEANOR PETKOVSEK, Appellant, v JOEL D. SNYDER, Respondent. (Appeal No. 1.) [680 NYS2d 336] —Order unanimously affirmed without costs. Memorandum: We reject the contention of petitioner that Family Court erred in failing to include rental and investment income in the 1995 gross income of respondent for purposes of calculating his child support obligation. The record establishes that the rental income of respondent was entirely offset by his rental losses in 1995. An increase in the principal of respondent's Keough retirement plan does not constitute investment income under the provisions of Family Court Act § 413 (1) (b) (5) (ii). The record establishes that all of the income earned by the retirement plan was immediately reinvested into the plan and that respondent never made a withdrawal therefrom. Further, the funds from the retirement plan are not readily available to satisfy respondent's child support obligations because the Internal Revenue Code imposes a 10% additional tax on withdrawals from retirement plans, with certain exceptions that do not apply (*see,* Internal Revenue Code [26 USC] § 72 [t] [1], [2] [A]; *see also, Marsh v Fieramusca,* 150 Misc 2d 776). Thus, the court properly determined that there is no factual or legal basis to include in respondent's 1995 gross income the income arising from the internal buildup of respondent's retirement plan. (Appeal from Order of Herkimer County Family Court, LaRaia, J.—Support.) Present—Pine, J. P., Hayes, Wisner and Boehm, JJ.

■■■ EASTMAN KODAK COMPANY, Appellant, v KARR, ELLIS & Co., INC., Respondent. [679 NYS2d 868] —Appeal unanimously dismissed without costs (*see, Empire Ins. Co. v Food City,* 167 AD2d 983, 984). (Appeal from Order of Supreme Court, Monroe County, Siragusa, J.—Reargument.) Present—Pine, J. P., Hayes, Wisner and Boehm, JJ.