[687 NYS2d 460]

In the Matter of DEBORAH J. GLUCKMAN, Respondent, v LYMAN E. QUA, Appellant.

Third Department, April 1, 1999

APPEARANCES OF COUNSEL

*Carusone & Carusone,* Saratoga Springs (*John J. Carusone, Jr.,* of counsel), for appellant.

*Lawrence R. Hamilton,* Saratoga Springs, for respondent.

**OPINION OF THE COURT**

CARPINELLO, J.

The parties' two-year marriage ended in divorce in December 1985. Since that time their two children, born in 1983 and 1985, respectively, have resided with petitioner and respondent has paid child support. Although initially set at $100 per week, petitioner successfully sought an upward modification of support in December 1990 resulting in an increase to $210 per week. At issue on appeal is petitioner's April 1996 petition for another upward modification of child support alleging a change of circumstances; namely, respondent's increased income, a substantial increase in the children's expenses and her recent loss of a part-time job. With respect to respondent's income, it is undisputed that it did increase significantly—from $43,088 in 1990 to $260,221 in 1995—as a result of his success as a local restauranteur.

Petitioner's application was first denied by the Hearing Examiner "for failure of proof" after a hearing. Specifically, the Hearing Examiner concluded that petitioner's expenses had *decreased* between 1990 and 1996, that she had voluntarily reduced her income by failing to reapply for the part-time job and that she was able to meet the children's needs. Although noting that respondent's income had indeed increased since 1990, the Hearing Examiner declined to find this single factor as an adequate basis upon which to modify his child support obligation. Petitioner filed objections with Family Court, which remitted the matter to the Hearing Examiner to calculate the parties' combined parental income and to reconsider whether child support should be modified pursuant to *Matter of Cassano v Cassano* (85 NY2d 649) and *Matter of Jones v Reese* (227 AD2d 783, *lv denied* 88 NY2d 810).

Because the record before her was sufficient to make the additional findings, the Hearing Examiner then determined that the parties' combined parental income was $288,650.89 (the annual incomes of petitioner and respondent were calculated at $28,429.89 and $260,221, respectively). Although the Hearing Examiner again noted that petitioner's expenses had actually decreased and that the children's needs were being met, she nevertheless determined that an upward modification was warranted in view of the dramatic increase in respondent's income. She then applied "the appropriate child support percentage [25%] to all income, including income in excess of $80,000", on the ground that "[t]here was no proof offered as to why the Court should not or why the Court should vary" from such formula. This resulted in a $1,251 weekly ($65,052 annual) child support obligation.

Following objections by respondent, Family Court again remitted the matter to the Hearing Examiner "to make a further elaboration as to the reasons that the Child Support Standards Act percentage was applied to the parental income in excess of $80,000". In the meantime, respondent successfully moved for a rehearing on the ground that he mistakenly testified about the extent of his ownership interest in his restaurant. Following a second hearing, the Hearing Examiner determined that the parties' combined parental income was $370,558.86 (the annual incomes of petitioner and respondent were recalculated to be $37,794.50 and $332,764.36, respectively). Noting that respondent failed to establish any reason for her to vary from Family Court Act § 413 (1) (f), the Hearing Examiner found that it was in the children's best interest to apply the Child Support Standards Act (hereinafter CSSA) percentage to all of the combined parental income. This resulted in a $1,600 weekly ($83,200 annual) child support obligation. Respondent again filed objections with Family Court, contending primarily that the Hearing Examiner erred in calculating his income and failed to articulate the reasons for applying the CSSA percentage to the combined parental income over $80,000. Family Court rejected these objections, prompting this appeal.

Contrary to respondent's contention, the substantial increase in his income between 1990 and 1996 provided the necessary change in circumstances warranting an upward modification of child support (see, e.g., Matter of Klein v Klein, 251 AD2d 733, 734). We are persuaded, however, that the Hearing Examiner erred in calculating his income and in failing to adequately articulate the reasons for applying the CSSA percentage to the

parties' combined parental income in excess of $80,000. Because the record permits, and in the interest of judicial economy, we shall exercise our discretion to determine the appropriate child support award (*see*, *Matter of Ballard v Davis*, 248 AD2d 858, 860, *lv denied* 92 NY2d 803; *Chasin v Chasin*, 182 AD2d 862, 864; *cf.*, *Kimmel v Mifflin*, 240 AD2d 471).

First, the record does not substantiate the Hearing Examiner's finding that respondent's annual income should include $87,937, representing the increased value of his stock portfolio from November 1996 through November 1997.[1] The capital gains allegedly realized by respondent during this period was " 'paper only' " income (*Orofino v Orofino*, 215 AD2d 997, 998-999, *lv denied* 86 NY2d 706). Respondent earns a substantial salary in connection with the operation of his restaurant (*compare, McFarland v McFarland,* 221 AD2d 983) and an award of child support based on his income excluding these unrealized gains would hardly be unjust or inappropriate (*compare, Matter of Webb v Rugg,* 197 AD2d 777, 778-779), especially since there is no evidence in the record that respondent was attempting to avoid his child support obligation through calculated investment strategies—a concern raised by the Court in *McFarland v McFarland* (*supra,* at 984). According, this amount should not have been included in computing respondent's income, Thus, his income for the purpose of calculating child support is $244,827.36.

Next, we agree with respondent's contention that the Hearing Examiner failed to sufficiently articulate the reasons for applying the statutory formula to the combined parental income in excess of $80,000 (*see, e.g., Manno v Manno,* 224 AD2d 395, 397). In *Matter of Cassano v Cassano* (85 NY2d 649, *supra*), the Court of Appeals held that the language of Family Court Act § 413 (1) (c) (3) "should be read to afford courts the discretion to apply the 'paragraph (f)' factors, or to apply the statutory percentages, or to apply both in fixing the basic child support obligation on parental income over $80,000" (*id.*, at 655). However, the Court emphasized that, when a court chooses to apply the statutory percentage to combined parental income over $80,000, it is required to provide "some record articulation" of its reasons in order to facilitate appellate review (*id.*, at 655). In addition to providing a record articulation for deviating or not deviating from the statutory formula,

---

**1.** As neither party filed objections to the Hearing Examiner's computation of petitioner's income, we will not disturb the finding that petitioner's income is $37,794.50.

a court must *relate* that record articulation to the statutory factors (*see, Matter of Ballard v Davis*, 229 AD2d 705, 707).

Here, the Hearing Examiner recited the statutory factors in her decision without relating them to the ultimate facts upon which she relied. Moreover, upon our consideration of the factors outlined under the statute to the facts of this case, we conclude that the Hearing Examiner's application of the statutory 25% to the income above $80,000 was an abuse of discretion (*see, Matter of Cassano v Cassano, supra*, at 655), resulting in an award that was simply excessive (*see, Reiss v Reiss*, 170 AD2d 589, 590-591, *lv dismissed* 78 NY2d 908, *lv denied* 79 NY2d 758). In our view, a reduced percentage of 15% to the income in excess of $80,000 bears a more reasoned corollary between the statutory factors and the parties' circumstances (*compare, Orofino v Orofino*, 215 AD2d 997, 999, *supra*).

Mindful of our obligation to outline the factors we have considered in rejecting a strict application of the statutory formula to the parties' income over $80,000 (*see, Matter of Cassano v Cassano, supra*, at 653), we find the following. First, although respondent earns substantially more than petitioner (*see*, Family Ct Act § 413 [1] [f] [7]), petitioner nevertheless has adequate financial resources at her disposal, including rental property, investments, a catering business and a working spouse who earns $48,000 per year (*see*, Family Ct Act § 413 [1] [f] [1]). As to the physical and emotional health of the two children and any special needs on their part (*see*, Family Ct Act § 413 [1] [f] [2]), petitioner unequivocally testified that the children are healthy and have no special needs. Indeed, she described them as happy, well-adjusted and very good students. Petitioner also testified that she has no educational needs of her own (*see*, Family Ct Act § 413 [1] [f] [6]).

Moreover, while there is no doubt that respondent's recent success as a restauranteur would have permitted the children to enjoy a higher standard of living had the parties remained married (*see*, Family Ct Act § 413 [1] [f] [3]), we believe that the increase in child support as herein determined permits them to enjoy an appropriately enhanced standard of living. To this end, we note that although children must generally be permitted to share in a noncustodial parent's enhanced standard of living and a court is not permitted to make an award based solely on their actual needs (*see, Matter of Cassano v*

*Cassano, supra,* at 653),[2] the children's needs are nonetheless an appropriate factor to be considered when determining an award of child support on income in excess of $80,000 (*see, Granade-Bastuck v Bastuck,* 249 AD2d 444, 446; *Matter of Niagara County Dept. of Social Servs. v C. B.,* 234 AD2d 897, 900; *Matter of Schmitt v Berwitz,* 228 AD2d 604, 606; *Chasin v Chasin,* 182 AD2d 862, *supra*). The mere fact that the children would have enjoyed an enhanced standard of living had the parties remained married does not necessarily mean that the statutory formula should be blindly applied on all income over $80,000 (*see, Matter of Niagara County Dept. of Social Servs. v C. B., supra,* at 899; *Chasin v Chasin, supra,* at 863). To do so would constitute an abdication of judicial responsibility rendering meaningless the statutory provision setting a cap on a strict application of the formula (*see, Chasin v Chasin, supra,* at 863), particularly in cases where the combined parental income substantially exceeds $80,000.

In this case, although petitioner outlined purported needs of her teenage children—ranging from new clothes and "expensive juice" to a new horse and an updated computer—it is clear that these needs do not require annual child support in excess of $83,000. Indeed, the child support petitioner was receiving as of the second hearing ($1,251 per week/$65,052 per year) was more than either petitioner or her current spouse earned and was sufficient to cover *all* of petitioner's household expenses as outlined by her on a 1997 financial statement. Tellingly, petitioner testified that she had no idea how she would spend $65,000 per year on her children and her current spouse testified that the child support would be used to paint and restore the couple's house. Finally, in finding it appropriate to apply a reduced percentage to the combined parental income over $80,000, we also deem it relevant that respondent is responsible for providing health insurance for the children (*see generally,* Family Ct Act § 413 [1] [f] [10]; *Matter of Bryant v Bryant,* 235

---

**2.** To the extent that the Hearing Examiner held that "child support is not limited by need and represents the ability of a child to share its [*sic*] parents'.lifestyle and resources", we clarify what we believe to be a misreading of *Matter of Cassano v Cassano* (*supra*). In discussing the purpose of the CSSA generally, the Court of Appeals noted that there was a shift from a needs-based determination to a determination based on parental income (*see, id.,* at 652; *see, Matter of Jones v Reese,* 227 AD2d 783, 784, *supra*). The Court's observation of the statute's general objectives should not be misread to eliminate completely an analysis of children's needs as one of many factors to be considered by a court should it choose to deviate from the statutory percentage on income in excess of $80,000.

AD2d 116, 121-122) and that his increased income over the years was not based on a windfall but rather the direct result of his personal efforts to succeed in a highly competitive business (*see*, Family Ct Act § 413 [1] [f] [10]).

Given our findings, respondent's child support obligation must be computed as follows: (1) respondent's income ($244,827.36) + petitioner's income ($37,794.50) = combined parental income ($282,621.86); (2) appropriate child support percentage (25%) $\times$ $80,000 = child support obligation ($20,000); (3) appropriate child support percentage (15%) $\times$ combined parental income in excess of $80,000 ($202,621.86) = additional child support obligation ($30,393.28); (4) respondent's income ($244,827.36) = 87% of combined parental income; (5) 87% $\times$ total child support obligation ($50,393.28) = respondent's annual child support obligation ($43,842.15); and (6) $43,842.15 divided by 52 = $843.12 (*see*, Family Ct Act § 413 [1] [c]). Therefore, respondent is ordered to pay child support in the amount of $843.12 per week.

Finally, having failed to object to the Hearing Examiner's award of counsel fees in his written objections to Family Court, respondent has waived appellate review of this issue (*see*, *Matter of Stoltz v Stoltz*, 257 AD2d 719, 721, n; *Matter of Ballard v Davis*, 248 AD2d 858, 859, *supra*).

Mikoll, J. P., Mercure, Crew III and Peters, JJ., concur.

Ordered that the order is modified, on the law and the facts, without costs, by directing respondent to pay child support in the amount of $843.12 per week, and, as so modified, affirmed.