■ In the Matter of DONNA L. CARR, Respondent, v JOSEPH B. CARR, Appellant. [765 NYS2d 688] —Mercure, J.P. Appeals (1) from an order of the Family Court of Albany County (Maney, J.), entered October 22, 2002, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, for an upward modification of child support, and (2) from an order of said court, entered February 26, 2003, which awarded counsel fees to petitioner.

The parties were divorced in September 2000. They were awarded joint custody of their daughter, born in 1988, with petitioner having primary physical custody. As relevant here, respondent was directed to pay petitioner $490 per month in child support.* In April 2002, petitioner commenced this proceeding seeking, among other things, an upward modification of child support, alleging that respondent's income had increased substantially. Following a hearing, the Hearing Examiner found that respondent's income had increased from $44,620 at the time of the parties' divorce to $230,750. Based

---

* A more detailed recitation of the facts is found in our prior decision reversing so much of the judgment of divorce as directed the sale of the marital residence, distributed the proceeds of such sale and awarded petitioner exclusive use and possession of the residence pending sale (*Carr v Carr,* 291 AD2d 672 [2002]).

upon this increase in income, the Hearing Examiner determined that petitioner had established a change in circumstances. After imputing $30,000 in income to petitioner, the Hearing Examiner applied the Child Support Standards Act (see Family Ct Act § 413 [hereinafter CSSA]) percentage to the total combined parental income and awarded petitioner child support of $3,250.68 per month. Family Court subsequently denied respondent's objections to the Hearing Examiner's determination and respondent appeals. Thereafter, the Hearing Examiner awarded petitioner $3,500 in counsel fees and Family Court affirmed the award. Respondent appeals from that order, as well.

Initially, we reject respondent's argument that Family Court improperly determined his annual income for purposes of child support. The record reveals that Family Court calculated respondent's income by subtracting the amount he paid in maintenance to a nonparty spouse and one half of the amount he paid in self-employment tax from the total income reported on his 2001 tax return, resulting in a finding of $230,750 in income for child support purposes (see Family Ct Act § 413 [1] [b] [5] [i], [vii]). Respondent claims, however, that $129,801 of his total reported income resulted from the resolution of 50 personal injury cases from the now defunct McClung, Peters and Simon—a law firm in which respondent formerly was a partner—and will not be repeated. He further asserts that because the money was used solely to pay law firm debt, the income should be deemed "paper-only" and not included in his income for the purpose of calculating child support. We disagree.

The Hearing Examiner determined that respondent's testimony regarding the number of cases pending was not credible and that only a portion of the funds received had been used to pay law firm debt. Moreover, although respondent maintains that only 15 cases remain outstanding and that most of those cases are minor in nature, he submitted no evidence at the hearing regarding the value of the remaining cases. Inasmuch as respondent failed to demonstrate that the income did not inure to his personal benefit and that it will not be repeated, we cannot say that Family Court erred in including respondent's earnings from McClung, Peters and Simon as income (cf. Matter of Gluckman v Qua, 253 AD2d 267, 270 [1999], lv denied 93 NY2d 814 [1999]; Orofino v Orofino, 215 AD2d 997, 998-999 [1995], lv denied 86 NY2d 706 [1995]).

Similarly lacking in merit is respondent's argument that petitioner failed to establish a change in circumstances war-

ranting modification of the child support order. As noted by the Hearing Examiner, respondent experienced a substantial improvement in his financial condition—in 1999, his reasonably expected income from employment earnings was $44,620 (*see Carr v Carr*, 291 AD2d 672, 673 [2002]); in 2001, his total income from current employment earnings, the resolution of his former law firm's personal injury cases, and investments was $230,750. That improvement "is, in and of itself, a sufficient ground to sustain an increase in child support" (*Sorrentino v Sorrentino*, 203 AD2d 829, 829 [1994]; *see Matter of Gluckman v Qua, supra* at 269; *Nicholas v Cirelli*, 209 AD2d 840, 840 [1994]; *Matter of Chariff v Carl*, 191 AD2d 795, 796 [1993]).

We agree with respondent, however, that Family Court failed to adequately articulate its reasons for applying the CSSA percentage to the combined parental income over $80,000. "[W]here combined parental income exceeds $80,000 * * * 'the court shall determine the amount of child support for the amount of the combined parental income in excess of such dollar amount through consideration of the factors set forth in [Family Ct Act § 413 (1) (f)] and/or the child support percentage'" (*Matter of Cassano v Cassano*, 85 NY2d 649, 653 [1995], quoting Family Ct Act § 413 [1] [c] [3]). If one party has experienced a substantial improvement in financial condition, "children must generally be permitted to share in a noncustodial parent's enhanced standard of living and a court is not permitted to make an award based solely on their actual needs" (*Matter of Gluckman v Qua, supra* at 271-272; *see Matter of Cassano v Cassano, supra* at 653). Nonetheless, we observe that while the child's needs are not determinative of the amount of child support to be received, those needs remain an appropriate consideration in determining an award of support based upon income in excess of $80,000 (*see Matter of Mitchell v Mitchell*, 264 AD2d 535, 540 [1999], *lv denied* 94 NY2d 754 [1999]; *Matter of Gluckman v Qua, supra* at 271-272). Further, "[t]he mere fact that the children would have enjoyed an enhanced standard of living had the parties remained married does not necessarily mean that the statutory formula should be blindly applied on all income over $80,000" (*Matter of Gluckman v Qua, supra* at 272).

Here, Family Court correctly considered the disparity in the parties' incomes, as well as the parties' debts, obligations and expenses and the child's prior standard of living in making its determination (*see generally* Family Ct Act § 413 [1] [f] [3], [7], [10]). While the court also purported to consider the child's

needs, it characterized many of petitioner's individual expenses as the child's needs, effectively double counting those expenses in its determination that the needs were $3,197 per month. Among other things, the record reveals that the court included, in its calculation of the child's needs, petitioner's clothing costs, as well as her gifts to and expenses of her children from a prior marriage. Given these errors, we conclude that the child's needs are far closer to $2,000 per month. Taking into account those needs, the fact that another individual pays 40% of petitioner's normal household expenses pursuant to an informal agreement (*see* Family Ct Act § 413 [1] [f] [1]), and the additional relevant factors outlined above, we find it appropriate to apply a reduced percentage of 10% to the combined parental income over $80,000. Accordingly, the parties' total child support obligation on their combined income of $260,750 is established at $2,639.58 per month. Inasmuch as respondent's income constitutes 88.5% of the total parental income, we set his monthly child support obligation at $2,336.02 per month.

Finally, we find unpersuasive respondent's argument that Family Court abused its discretion in awarding petitioner counsel fees. In deciding whether to award counsel fees, the court considered respondent's substantially greater income and assets relative to those of petitioner, the parties' ability to pay and the fact that respondent failed to challenge either the nature of the services rendered or the reasonableness of the fees charged. Accordingly, we perceive no error in the award of counsel fees to petitioner (*see Matter of McCullough v Falardeau,* 184 AD2d 989, 989 [1992]; *see also Matter of Ballard v Davis,* 259 AD2d 881, 885 [1999], *lv denied* 94 NY2d 751 [1999]).

Peters, Spain, Rose and Kane, JJ., concur. Ordered that the order entered October 22, 2002 is modified, on the law and the facts, without costs, by directing respondent to pay child support in the amount of $2,336.02 per month, and, as so modified, affirmed. Ordered that the order entered February 26, 2003 is affirmed, without costs.