In the Matter of ROBERT X. MONAHAN, JR., Appellant, v MELISSA L. HARTKA, Respondent. [793 NYS2d 552]—

Peters, J. Appeals (1) from an order of the Family Court of Greene County (Pulver, Jr., J.), entered November 10, 2003, which, inter alia, partially granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, for modification of a prior child support order, and (2) from an order of said court, entered July 14, 2004, which denied petitioner's motion to correct an irregularity and allow the late filing of objections.

The parties are the parents of three children, Abigail (born in 1987), Chelsea (born in 1989) and Brigitte (born in 1991). A separation agreement incorporated, but not merged, into their 1999 judgment of divorce provided for joint custody of the children who were to reside with respondent. Petitioner's income of $107,000 and respondent's income of $50,000 prompted the parties to agree that petitioner would pay $2,500 per month in child support, in addition to other expenses. In August 2002, the oldest child, Abigail, began to reside with petitioner. The parties then sought a modification of both the custody and support orders. After a hearing, temporary custody of Abigail was granted to petitioner and, by January 2003, petitioner was awarded custody of all three children.

Petitioner sought an award of child support. By order entered September 19, 2003, the Support Magistrate fixed petitioner's income at $80,153 and ordered, among other things, that respondent pay weekly child support in the amount of $328, retroactive to the date of the amended petition, filed in February 2003. Petitioner filed objections to the order and Family Court sustained a portion of the objections by ordering that the parties' support obligations commence as of August 2002, the date of the filing of the original petition. Upon remittal, the Support Magistrate recalculated the parties' obligations. Petitioner filed objections to this order, which Family Court dismissed as untimely (see Family Ct Act § 439 [e]). It further denied petitioner's subsequent motion, made pursuant to CPLR 2001 and 2004, to permit a late filing. Petitioner appeals and we affirm.

Family Court properly assessed petitioner's objections to the September 2003 order. Although petitioner contends that there was no articulated rationale for departing from the statutory percentage set by the Child Support Standards Act when calculating child support on the parental income above $80,000 (*see* Family Ct Act § 413), we disagree. This discretionary determination (*see Matter of Kelly v Bovee*, 9 AD3d 641, 642 [2004]; *Matter of Susan M. v Louis N.*, 206 AD2d 612, 613 [1994]), arrived at "through consideration of the factors set forth in paragraph (f) . . . and/or the child support percentage" (Family Ct Act § 413 [1] [c] [3]), properly included a consideration of the parties' financial resources, their prior standard of living and the tax consequences (*see* Family Ct Act § 413 [1] [f]). With "legislative purpose, not linguistic perfection, guid[ing that] determination" (*Matter of Cassano v Cassano*, 85 NY2d 649, 655 [1995]), and only "some record articulation of the reasons for the court's choice to apply the percentage [being] necessary" (*id.*), there was no error (*see* Family Ct Act § 413 [1] [f] [1], [3], [10]; *Matter of Barrett v Barrett*, 281 AD2d 799, 802-803 [2001]; *compare Matter of Gluckman v Qua*, 253 AD2d 267, 270-271 [1999], *lv denied* 93 NY2d 814 [1999]).

Nor do we find merit to the contention that the financial disparity between the parties was due to respondent's self-imposed limitations. Respondent's effort to assist her husband in a new business did not fall within the parameters of intentional wrongdoing (*see Matter of Knights v Knights*, 71 NY2d 865, 867 [1988]) or an avoidance of employment commensurate with her ability (*Matter of Susan M. v Louis N.*, *supra* at 613-614). To the extent that petitioner also contends that the Support Magistrate incorrectly considered the sale of his business when calculating child support, a plain reading of the order belies that contention.

Petitioner's motion, made pursuant to the CPLR, for an extension of time to file objections was properly denied since it has no application "to time limits set forth in statutes or regulations other than those contained in the CPLR" (*Matter of Carassavas v New York State Dept. of Social Servs.*, 90 AD2d 630, 630 [1982]). Moreover, he never sought an extension prior to the expiration of the time limitations imposed by Family Ct Act § 439 (e) (*compare Matter of Ogborn v Hilts*, 262 AD2d 857, 858 [1999]; *Matter of Onondaga County Commr. of Social Servs. v Joe W.C.*, 233 AD2d 908, 908 [1996]), or challenged the determination to dismiss the objections as untimely.

We have reviewed and rejected all remaining contentions.

Cardona, P.J., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the orders are affirmed, without costs.