■ In the Matter of ELLEN J. FULLER, Appellant, v WILLIAM K. WITTE, Respondent. [803 NYS2d 240]—

Peters, J. Appeal from an order of the Family Court of Broome County (Ray, J.), entered March 30, 2004, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 4, for modification of a prior child support order.

Petitioner and respondent are the divorced parents of five children; two are in college and one is emancipated. Their November 1996 judgement of divorce incorporated, but did not

merge, a stipulation of settlement detailing their respective liability for, among other things, child support. Such stipulation provided that respondent would pay the full cost of the children's education in the private school that they were attending if he received a bonus from his employer, otherwise the tuition would be shared; it did not address the issue of the children's college education costs.

In February 2002, petitioner commenced this proceeding seeking an upward modification of child support by alleging a substantial change in respondent's income. Although the Support Magistrate found, after a hearing, that an upward modification was warranted, Family Court (Connerton, J.), remanded the matter after concluding that the parties' stipulation failed to comply with the Child Support Standards Act. On remand, the Support Magistrate, treating the application de novo, found respondent's income for 2002 to exceed $140,000, while petitioner's income was approximately $47,000. Given the gross disparity in their incomes and their shared custody arrangements, respondent was ordered to assume, among other things, sole responsibility for the payment of the children's private school tuition whether it be at secondary school or college. Further recognizing that respondent had been paying these expenses, without contribution, for no less than the past six years, and that this obligation would continue until each child reached 21 years of age, it concluded that this was a sufficient basis to warrant a deviation from the Child Support Standards Act for the combined parental income exceeding $80,000. Accordingly, respondent was ordered to pay a specified monthly amount which was reduced to $1,000 per month beginning April 2003 due to the emancipation of one of the children and the fact that the remaining two children would no longer be residing in either household.* Family Court (Ray, J.) affirmed the determination and, upon petitioner's appeal, we affirm.

Considering that portion of the order requiring respondent to pay $1,000 per month commencing April 1, 2003, it is settled that where, as here, the combined parental income exceeds $80,000 " 'the court shall determine the amount of child support for the amount of the combined parental income in excess of such dollar amount through consideration of the factors set forth in [Family Ct Act § 413 (1) (f)] and/or the child support percentage' " (*Matter of Cassano v Cassano*, 85 NY2d 649, 653 [1995], quoting Family Ct Act § 413 [1] [c] [3]). While the record

---

* This amount was in addition to respondent's obligation to pay 75% of all other unreimbursed medical, dental, optometric, prescription or other expenses.

supports the contention that there has been a substantial improvement in respondent's financial condition, and case law dictates that such improved standard of living should be shared by the children (*see Matter of Cassano v Cassano, supra* at 652) regardless of their expressed needs, it " 'does not necessarily mean that the statutory formula should be blindly applied on all income over $80,000' " (*Matter of Carr v Carr*, 309 AD2d 1001, 1003 [2003], quoting *Matter of Gluckman v Qua*, 253 AD2d 267, 272 [1999], *lv denied* 93 NY2d 814 [1999]); the children's needs remain a factor to be considered (*see Matter of Carr v Carr, supra* at 1003; *Matter of Mitchell v Mitchell*, 264 AD2d 535, 540 [1999], *lv denied* 94 NY2d 754 [1999]).

Here, the Support Magistrate properly considered these relevant factors, as well as others, when it deviated from the Child Support Standards Act; it specifically noted their shared custody arrangements and respondent's past practice of paying 100% of the children's private educational costs. While petitioner also contended that she was entitled to share in respondent's bonus income as they had previously agreed, that stipulation was rendered void by Family Court. With the Support Magistrate failing to find that respondent breached that portion of the parties' stipulation in 2001, coupled with our finding that all of respondent's income, including his bonus income, was fully considered before the support determination was rendered, we discern no error.

Crew III, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.