JUDITH S., Respondent, v HOWARD S., Appellant. [847 NYS2d 529]—

Order, Family Court, Bronx County (Juan M. Merchan, J.), entered on or about July 13, 2007, which denied respondent father's motion for an extension of time to file objections to the final order of child support issued by the Support Magistrate six months earlier, unanimously affirmed, without costs.

It is undisputed that respondent father failed to file objections to the final order of child support within the 35-day period set forth in Family Court Act § 439 (e). CPLR 2004, upon which he relies, contains general authorization for a court to "extend the time fixed by any statute, rule or order for doing any act." Shortly after its enactment, the scope of this section was restricted by the Second Department to "extensions of time for the doing of acts in actions and proceedings and not for the doing of acts which are substantive in character *and provided for under other statutes*" (*Matter of Powers v Foley*, 25 AD2d 525 [1966] [emphasis added]). In citing *Powers*, the Third Department seemingly misconstrued the emphasized words and ignored the clear breadth of the section, denying its application to time limits set forth in any statutes or regulations "other than those contained in the CPLR" (*Matter of Carassavas v New York State Dept. of Social Servs.*, 90 AD2d 630 [1982]), and has consistently held to that position (*see Matter of Monahan v Hartka*, 17 AD3d 758, 759 [2005]). The request in this case was,

indeed, directed at a procedural time limitation, and not a substantive one, and thus could have been granted even if based on a statute outside the CPLR. However, CPLR 2004 additionally requires a showing of "good cause," and we agree that respondent father has not demonstrated good cause for failing to file timely objections. Settlement negotiations alone are an insufficient excuse for delay (*see Krell v Pelham Syndicate*, 14 AD2d 845 [1961]). Moreover, the prejudice that would result to petitioner as a result of the father's delay in filing objections is obvious, given his chronic failure to meet his child support obligations in a full and timely fashion, with no effort to pay down his substantial arrears. Concur—Tom, J.P., Andrias, Gonzalez and Sweeny, JJ.