Kavanagh, J.
Appeal from an order of the Family Court of Rensselaer County (Griffin, J.), entered July 5, 2007, which, among other things, upon referral of the matter from Supreme Court, directed defendant to pay child support.
After the parties were divorced, and issues regarding child support were referred to Family Court, the Support Magistrate determined that the biweekly, basic child support obligation for defendant (hereinafter the father) was $427.80—including additional expenses—and that he owed arrears on this obligation in excess of $20,000. The father filed objections and Family Court affirmed the order. The father now appeals, essentially raising three issues. First, he alleges that the Support Magistrate failed to impute as income $1,230 that plaintiff (hereinafter the mother) received each month from her father to pay her mortgage. Second, the father argues that the Support Magistrate’s conclusion that the mother was the custodial parent for child support purposes is not supported by the credible evidence. Finally, the father maintains that the amount of child support and arrears that has been awarded is unjust and inappropriate. Because we find that the Support Magistrate’s determinations on each of these issues enjoy ample support in the record, we affirm.[1]
As for the Support Magistrate’s refusal to consider the money *1012 that the mother received each month from her father as income, no evidence was offered by the father to contradict the mother’s testimony that this money was a loan. The mother testified that she would “eventually have to pay [her] father back, its [sic] not a gift.” While it is true that “for purposes of determining the amount of a parent’s child support obligation, a court has the discretion to impute income where the parent receives financial support from a relative,” competent evidence must be submitted to support such a finding (Matter of Phelps v La Point, 284 AD2d 605, 609 [2001]; see Matter of Collins v Collins, 241 AD2d 725, 727 [1997], appeal dismissed and lv denied 91 NY2d 829 [1997]). Since the mother’s testimony in this regard is essentially unrefuted, and according due deference to the Support Magistrate’s determinations as to the credibility of the evidence introduced, we cannot conclude that the decision not to impute these funds as income was an abuse of discretion (see Matter of Yarinsky v Yarinsky, 36 AD3d 1135, 1138-1139 [2007]).
We also find no error in the Support Magistrate’s conclusion that the mother was the children’s primary custodial parent for child support purposes. In that regard, the Support Magistrate found that from December 2004 until January 2006, the mother, in effect, had custody of the children four days each week. After that time, the parties agreed that the children would be in the mother’s care for most of the time during the week and with the father on the weekends.* [2] As such, the mother had “physical custody of the children] for a majority of time” and, therefore, was the custodial parent (Bast v Rossoff, 91 NY2d 723, 728 [1998]; see Matter of Minter-Litchmore v Litchmore, 24 AD 3d 932, 933 [2005]).
Finally, we cannot agree that the Support Magistrate’s calculation of the amount of the father’s child support obligation was, under the circumstances as presented, unjust and inappropriate (see Family Ct Act § 413 [1] [f], [g]). After making the appropriate deductions for FICA, the Support Magistrate determined that the father had a 51% pro rata share of the par *1013 ties’ combined annual income of $184,163.02. The Support Magistrate capped the parties’ income at $80,000 and, in determining the amount of the award, took into account the appropriate factors, including the significant amount of time that the father spent with the children (see Matter of Cassano v Cassano, 85 NY2d 649, 653 [1995]; Matter of Yarinsky v Yarinsky, 36 AD3d at 1138-1139; Matter of Fuller v Witte, 22 AD3d 983, 984 [2005]). Given the Support Magistrate’s use of appropriate criteria in making this calculation, we ascertain no reason to change the child support award, or the resulting award regarding arrears owed by the father.
Cardona, EJ., Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.

. To the extent that the mother argues that the appeal should be dismissed because the father failed to submit proof that he served his objections to the Support Magistrate’s order on the mother’s counsel pursuant to *1012 Family Ct Act § 439 (e), we note that Family Court, while acknowledging this procedural defect, addressed the merits of the objections. As we do not find that Family Court abused its discretion in undertaking such a review (see Matter of Ogborn v Hilts, 262 AD2d 857, 858 [1999]), we disagree with the mother’s claim that the father’s appeal is precluded.

. The father alternatively argued that the parties shared parenting time equally. Under this alternative theory, the father argued that the mother had a greater pro rata share of the parties’ combined income and should be required to pay child support to the father (see Baraby v Baraby, 250 AD2d 201, 203 [1998]). This alternative argument is unpersuasive, given our conclusion that the mother was the custodial parent.