■ In the Matter of DANA CUPKOVA-MYERS, Respondent, v MARTIN MYERS, Appellant. [880 NYS2d 736]—

Mercure, J.P. Appeal from an order of the Family Court of Tompkins County (Rowley, J.), entered May 8, 2008, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to direct respondent to pay child support.

The parties were married in 2002 and they have one child,

born in 2003. Respondent (hereinafter the father) also has two children (born in 1986 and 1992) from a prior marriage. The father formerly operated a successful design and construction business, but now supports himself solely based upon interest and dividend income derived from his investments. Petitioner (hereinafter the mother) is employed as a visiting professor by Cornell University in the Department of Architecture and has a design consulting business, as well. In 2007, the parties separated and the mother commenced this support proceeding shortly thereafter.

Following a hearing, a Support Magistrate found that the father had retired from the design and construction business and that it would be unreasonable to impute income to him based upon his prior involvement in that profession. The Support Magistrate then imputed $73,921 in income to the mother based upon her annual salary, imputed summer salary and profit from her design consulting business, and $124,853.62 in income to the father based upon income generated by his investments and a $96,801.54 "change in investment value" of one of his accounts, for a combined parental income of $198,774.62. The Support Magistrate further denied the father's request for a deduction for future child support to be paid for a child from his prior marriage who was living with him. Ultimately, the Support Magistrate determined that 50% of the combined parental income above $80,000 should be considered for child support purposes, applied the statutory percentage to the total amount of income considered and, after calculating the father's proportionate share as 63%, charged him $1,244.03 in support per month, as well as his proportionate share of health insurance and daycare expenses. Family Court denied the father's objections, and he now appeals.

Initially, we agree with the father's argument that the Support Magistrate erroneously determined his income based primarily upon a "paper only," unrealized increase in investment value from one of his several investments (see Matter of Gluckman v Qua, 253 AD2d 267, 270 [1999], lv denied 93 NY2d 814 [1999]; Orofino v Orofino, 215 AD2d 997, 998-999 [1995], lv denied 86 NY2d 706 [1995]; see also Matter of Petkovsek v Snyder, 255 AD2d 960, 960 [1998]). First, the Support Magistrate articulated no rationale for limiting its consideration of the father's income to that one particular account. Furthermore, while it is appropriate to impute income from nonincome-producing assets when a parent "voluntarily maintains his [or her] finances in a form that limits the income they produce" (Kay v Kay, 37 NY2d 632, 636 [1975]; see Matter of Webb v Rugg,

197 AD2d 777, 778 [1993]; *see also Matter of Gluckman v Qua*, 253 AD2d at 270; *McFarland v McFarland*, 221 AD2d 983, 984 [1995]), the Support Magistrate concluded that the father has not chosen to so limit his income here. Under these circumstances, we agree with the father that the parties' 2006 federal income tax return represents a better measure of his actual income (*see* Family Ct Act § 413 [1] [b] [5] [i]; *Matter of Yarinsky v Yarinsky*, 36 AD3d 1135, 1138 [2007]; *Liepman v Liepman*, 279 AD2d 686, 688 [2001]). We note that it is undisputed that the parties' 2006 tax return shows income attributable to the father in the amount of $101,363.

We reject the father's argument, however, that capital gains reported on his 2006 income tax return—which were not paper only or unrealized—should be excluded from the calculation of his income for child support purposes. Capital gains are properly included in the calculation of a parent's income (*see Matter of Mitchell v Mitchell*, 264 AD2d 535, 539-540 [1999], *lv denied* 94 NY2d 754 [1999]; *Matter of Gianniny v Gianniny*, 256 AD2d 1079, 1081 [1998]), particularly when, as here, a large portion of the parent's income derives from gains realized from the liquidation of investments (*see McFarland v McFarland*, 221 AD2d at 984). Moreover, contrary to the father's assertions that the capital gains should be deemed a nonrecurring event, he acknowledged that he continued to withdraw substantial sums from his investment portfolio in 2007 for "miscellaneous expenses" (*see Bellinger v Bellinger*, 46 AD3d 1200, 1201 [2007]). We therefore conclude that the father's income for the purpose of calculating child support should be fixed at $101,363, which, after adding the mother's income of $73,921,* yields a combined parental income of $175,284. Inasmuch as 58% of the combined parental income is attributable to the father, his basic child support obligation on the first $80,000 of combined income is, thus, $7,888 per year ($80,000 x .17 x .58), or $657.33 per month.

On combined parental income above $80,000, courts must "establish the child support obligation [on] that excess by utilizing the 'paragraph (f)' factors [contained in Family Ct Act § 413 (1) (f)], by applying the statutory percentage to the full amount, or by a combination of the two" (*Matter of Yarinsky v Yarinsky*, 36 AD3d at 1138; *see* Family Ct Act § 413 [1] [c] [3]; *Matter of Gluckman v Qua*, 253 AD2d at 270). Because the parties make

---

* Although the father argues that the mother's testimony regarding her income was incredible as a matter of law, we find no basis for disturbing the credibility determinations of the Support Magistrate, who was "in the best position to hear and evaluate the evidence as well as the believability of the witnesses" (*Matter of Klein v Klein*, 251 AD2d 733, 735 [1998]).

no arguments regarding the proper percentage to be applied to combined parental income in excess of $80,000, and our recalculation of the parties' combined income will impact upon the amount set by the Support Magistrate for child support, we deem it appropriate to remit this matter for consideration of the proper child support obligation to be imposed upon that excess income (*see Liepman v Liepman,* 279 AD2d at 689). In that regard, we note that, in addition to the "paragraph f" factors primarily relied upon by the Support Magistrate—the mother's financial resources, the standard of living that the child would have enjoyed if the marriage had not dissolved, and tax consequences—the father's financial resources are a relevant consideration (*see* Family Ct Act § 413 [1] [f] [1]; *Matter of Monahan v Hartka,* 17 AD3d 758, 759 [2005]; *Matter of Webb v Rugg,* 197 AD2d at 778-779; *see also Scheuer v Scheuer,* 144 AD2d 225, 226 [1988]).

Indeed, relevant evidence of the father's resources would include the parties' two jointly owned homes worth $350,000 and $1.5 million less approximately $530,000 in mortgage debt, and that the father owned—in addition to his investment portfolio concededly valued at approximately $1 million at the time of the hearing and to which he made an unexplained $168,000 addition in 2006 several years after his retirement—two automobiles worth $35,000 and bank accounts containing $71,000 as of August 2007. Further, the father purchased a third house for $320,000 in cash and artwork worth $1,500, and took a pleasure trip to Spain in 2007, despite turning down an offer of employment as a consultant in that same year. Considering that evidence along with the additional factors referenced by the Support Magistrate, it cannot be said that application of a percentage of 13% to the parties' income over $80,000—which would result in roughly the same amount of support actually imposed—would be unreasonable here. Nevertheless, in the absence of any briefing of this issue by the parties or any cross appeal by the mother, we will remit this matter for consideration of the proper amount to be awarded upon the excess income.

The father's remaining argument has been considered and found to be lacking in merit.

Spain, Malone Jr., Kavanagh and McCarthy, JJ., concur. Ordered that the order is modified, on the law and the facts, without costs, by reversing so much thereof as fixed respondent's child support obligation; matter remitted to the Family Court of Tompkins County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.