U.S. Bank N.A. v Barker Project LLC (2023 NY Slip Op 05384)

U.S. Bank N.A. v Barker Project LLC

2023 NY Slip Op 05384

Decided on October 24, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 24, 2023

Before: Manzanet-Daniels, J.P., Rodriguez, Pitt-Burke, Higgitt, Rosado, JJ. 

Index No. 809792/21 Appeal No. 868 Case No. 2023-00738 

[*1]U.S. Bank National Association etc., Plaintiff-Respondent,
v
Barker Project LLC et al., Defendants-Appellants.

The Law Office of Diana Rubin, Manhasset (Diana Rubin of counsel), for appellants.
Roach & Lin, P.C., Syosset (Edward Rugino of counsel), for respondent.

Order, Supreme Court, Bronx County (Fidel E. Gomez, J.), entered January 5, 2023, which, insofar as appealed from as limited by the briefs, denied defendants' motion for leave to file a late answer, unanimously affirmed without costs.
CPLR 3012(d) provides that a court has the discretionary power to extend the time to plead, or to compel acceptance of an untimely pleading "upon such terms as may be just," provided that there is a showing of a reasonable excuse for the delay. The following factors "'must . . . be considered and balanced' in determining whether a CPLR 3012 (d) ruling constitutes an abuse of discretion. Those factors include the length of the delay, the excuse offered, the extent to which the delay was willful, the possibility of prejudice to adverse parties, and the potential merits of any defense" (Emigrant Bank v Rosabianca, 156 AD3d 468, 472-473 [1st Dept 2017]).
Defendants based their good cause on the fact that counsel purportedly "engaged in communications with attorneys, whom she believed represented plaintiff, on August 10, 2021 - even before the service of process on defendants was effectuated," without providing any details about, or substantiation of, these alleged communications. This Court has found that "[s]ettlement negotiations alone are an insufficient excuse for delay" (Judith S. v Howard S., 46 AD3d 318, 319 [1st Dept 2007]; see Freedman v Chemical Constr. Corp., 43 NY2d 260, 264 [1977]). Since defendants failed to demonstrate either "good cause" or a "reasonable excuse" for the delay in answering, the motion for leave to file a late answer was providently denied.
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 24, 2023