■ In the Matter of LISA J. GRAY, Appellant, v JOSEPH J. GRAY, Respondent. [604 NYS2d 987] —Cardona, J. Appeal from an order of the Family Court of Tompkins County (Barrett, J.), entered July 23, 1992, which partially granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, to modify respondent's child support obligations.

Pursuant to the Family Court Act, a noncustodial parent's basic child support obligation is to be computed in compliance with the percentages set forth in the Child Support Standards Act (Family Ct Act § 413 [1]). That statute allows a court discretion to deviate from the statutory formula, however, if it determines that the noncustodial parent's pro rata share of the basic child support obligation is "unjust or inappropriate"

(Family Ct Act § 413 [1] [f]; *see, e.g., Matter of Healey v Healey,* 190 AD2d 965, 967; *Meyer v Meyer,* 173 AD2d 1021, 1022). On this appeal, petitioner first argues that Family Court abused its discretion by failing to apply the statutory formula in determining respondent's basic child support obligation. We disagree. The record supports the determination of Family Court to deviate from the statutory percentages in setting the amount of respondent's child support obligation and also our conclusion that the amount set was "just and appropriate" under all the circumstances.

Respondent's weekly income for purposes of applying the statutory formula is $339. At the time of the hearing on April 7, 1992, the parties had two children. Application of the statutory formula to respondent's income would have resulted in a weekly child support payment of $84.75. Instead, Family Court ordered respondent to pay the sum of $75 per week. The $9.75 deviation was not an abuse of discretion because respondent was directed to continue to pay 100% of the costs of maintaining (through the plan provided by his employer) health insurance coverage on behalf of the parties' children *(see,* Family Ct Act § 416). Since health insurance premiums are not proper add-ons to the basic child support obligation *(see, Chasin v Chasin,* 182 AD2d 862, 863), Family Court could properly consider the impact of the expenditure as a relevant factor in this case *(see,* Family Ct Act § 413 [1] [f] [10]). Under the circumstances of this case, it was also not an abuse of discretion to consider the future earning capacity of both parents in determining whether to deviate from statutory percentages (Family Ct Act § 413 [1] [f] [10]; *see, Bohnsack v Bohnsack,* 185 AD2d 533, 535). We agree with petitioner that respondent did not develop sufficient evidence in this record to justify deviation on the basis of *extraordinary* or *extended* visitation expenses *(see,* Family Ct Act § 413 [1] [f] [9]) or on the basis that petitioner made some past mortgage and car payments or respondent's educational expenses. However, based upon the other factors proved on this record, these errors do not require reversal of the determination to deviate from the statutory formula for setting the basic child support obligation.

Petitioner further contends error in setting respondent's pro rata share of the children's unreimbursed health care expenses and child care expenses in the amount of 50% rather than 59.5%. For the reasons already stated, there is sufficient basis in the record for the deviations. Furthermore, although there was conflicting testimony regarding the cost of child care,

there was no abuse of discretion in setting a cap for respondent's contribution at $42.50 per week. All of the amounts and percentages determined by Family Court were reasonable in light of the parties' respective incomes, circumstances and expenses at the time of the hearing.

Mercure, J. P., White, Mahoney and Casey, JJ., concur. Ordered that the order is affirmed, without costs.