■ In the Matter of ROCHELLE BRANDT, Respondent, v SERGIU BRANDT, Appellant. [613 NYS2d 693] —In a proceeding pursuant to Family Court Act article 4 for spousal support, the husband appeals from an order of the Family Court, Suffolk County (Auperin, J.), dated January 25, 1991, which denied his objections to an order of the same court (Zimmer, H.E.), dated January 15, 1991, which, after a hearing, granted the

wife's application for spousal support and directed him (1) to pay the wife support in the amount of $85 per week, "retroactive [to] January 29, 1990, until [August 30, 1990], when the order [was to be] amended to $90 per week ($5 thereof to apply on account of arrears)", and (2) to provide health insurance for his wife "as available through his employer".

Ordered that the order is modified, on the facts, by sustaining the husband's objections to the order of the Hearing Examiner only to the extent of (1) deleting the sum of $85 from the first decretal paragraph thereof and substituting therefor the sum of $35, (2) deleting from the second decretal paragraph thereof the words "until 8/2/90 when order is amended to $90 per week ($5 thereof to apply on account of arrears)"; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Family Court, Suffolk County, for determination of the amount of outstanding arrears, if any, and for the entry of an order, in its discretion, directing periodic payment thereof in a sum which shall not exceed $5 per week and which shall not be retroactive to a date before August 2, 1990.

Family Court Act § 412 "obligates each spouse to support the other 'if possessed of sufficient means or able to earn such means' and provides, as a measure of support, 'a fair and reasonable sum, as the court may determine, having due regard to the circumstances of the respective parties.' This requires a delicate balancing of each party's needs and means" (Polite v Polite, 127 AD2d 465, 467). Moreover, the husband's support obligations depend on the circumstances of the particular case, including his financial means, and his "need to have money to live on after payments are made", the duration of the marriage, and the wife's ability to support herself (Muscarella v Muscarella, 93 AD2d 993, 994; see also, Matter of Bruno v Bruno, 50 AD2d 701; Matter of Mastrogiacomo v Mastrogiacomo, 149 AD2d 708, 709).

Here the parties separated less than two and one-half years after their marriage. The order of support leaves the former husband without sufficient means to cover his monthly expenses, as determined by the Hearing Examiner.

The wife has failed to submit any competent medical evidence supporting her claim that she is totally disabled due to multiple sclerosis and/or diabetes. Additionally, as she herself admitted, she was denied Social Security Disability benefits. The wife was involved in an automobile accident after the

parties separated. However, none of her injuries was permanent, and there is no evidence that the accident exacerbated any existing conditions so as to render her unemployable. Thus, the Hearing Examiner improperly found her to be totally disabled and unable to support herself.

The wife is a college graduate with a Bachelors Degree in Business Administration, who had previously been licensed as a real estate salesperson as well as an insurance auditor. Just prior to the couple's separation, the wife prepared a resume in anticipation of employment. Further, as the wife herself admitted, she worked, albeit part-time, as late as December 1989, a few months prior to the time she sought support from her husband. We find that based upon her prior work history the wife is capable of earning a modest income of at least $10,000 per year to help support herself. Accordingly, we reduce the husband's support obligations from $85 per week to $35 per week.

We find no basis to disturb the Hearing Examiner's determination making the husband responsible for providing the wife with health insurance. Bracken, J. P., Lawrence, Copertino and Florio, JJ., concur.