■ In the Matter of JOANN L. EASTBURN, Appellant, v KIRK D. EASTBURN, Respondent. [635 NYS2d 745] —Mikoll, J. P. Appeal

from an order of the Family Court of Tompkins County (Barrett, J.), entered July 6, 1994, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, for modification of child support payments.

The parties to this proceeding are divorced and are responsible for the support of their three daughters: Kristina, born in 1975, Deanna, born in 1983, and Anita, born in 1986. In July 1992, Family Court entered an order of support based on an agreement between the parties which was premised upon the fact that the parties' two youngest children were living with petitioner and the eldest child was residing with respondent. Respondent was then paying support of $65 per week for the two children residing with petitioner pursuant to a court order dated July 13, 1992. In February 1993, the eldest child left respondent's home and moved in with petitioner, who was going to school full time while working a part-time job. Petitioner thereafter submitted an application to Family Court seeking an upward modification of the prior support order. Petitioner also requested that respondent be directed to pay his pro rata share of child care and unreimbursed medical expenses. Following a hearing, the Hearing Examiner agreed that respondent's support obligation should increase and, after applying the appropriate statutory formula contained in the Child Support Standards Act (hereinafter CSSA), determined that respondent's weekly support obligation should be $93.73. It was also determined that respondent should pay 75% of the children's unreimbursed medical expenses.

Notably, respondent testified that the cost of a family health insurance plan through his employer was $36.14 per week for himself and the three children as against $9 per week for just himself. The Hearing Examiner found that the cost of family insurance was not reasonably within respondent's means without deviation from the CSSA. Accordingly, the Hearing Examiner ordered respondent to pay $75 per week in child support on the condition that he obtain family health insurance from his employer. Family Court affirmed this order following the filing of objections by petitioner.

Petitioner's principal contention on appeal is that Family Court erred by not dividing respondent's cost of providing health insurance to the children pursuant to the pro rata formula articulated in the decision, thereby only obligating petitioner to pay 25% of such cost resulting in a greater weekly child support amount. It should be noted, however, that the 75%-25% formula petitioner refers to clearly concerns only *uninsured* medical expenses, not the cost of paying for medical

insurance itself. Accordingly, the question distills to whether Family Court erred by deviating from the CSSA to facilitate respondent's acquisition of a family medical policy.

Our review of the record reveals that Family Court's determination was appropriate. Similar to the situation presented in *Matter of Gray v Gray* (199 AD2d 644, 645), we conclude that Family Court in this case did not abuse its discretion in ordering respondent to pay $75 per week in support in light of respondent's income and directed that he pay 100% of the cost of maintaining his employer-provided family medical plan. As we noted in *Gray*, "[s]ince health insurance premiums are not proper add-ons to the basic child support obligation * * * Family Court could properly consider the impact of the expenditure as a relevant factor" (*supra*, at 645 [citation omitted]; *see*, Family Ct Act § 413 [1] [f] [10]).

Crew III, White, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, without costs.