■ ANTHONY R. IANNIELLO, Appellant-Respondent, v PATRICIA A. IANNIELLO, Respondent-Appellant. [651 NYS2d 724] —Crew III, J. Cross appeals from an order of the Supreme Court (Lynch, J.), entered June 23, 1995 in Schenectady County, which partially granted defendant's motion for pendente lite relief.

The parties were married in 1973 and have one minor child. In January 1995, plaintiff commenced this action for divorce seeking, inter alia, equitable distribution of the parties' marital property. Contending that she lacked sufficient funds to defend this action, defendant thereafter moved by order to

show cause for, *inter alia*, interim counsel and accounting fees in the amount of $80,000 and $100,000, respectively. According to defendant, such sums were necessary given the size of the marital estate, which is alleged to be substantial, and the complexity involved in evaluating plaintiff's numerous business interests, including his partnership in a local law firm. Supreme Court, *inter alia*, partially granted defendant's application and awarded her $30,000 in interim counsel fees and $30,000 in interim accounting fees, without prejudice to apply for additional fees as the circumstances warrant. This appeal by defendant followed.*

We affirm. Domestic Relations Law § 237 (a) authorizes a court to award such sum of money to a spouse "to enable that spouse to carry on or defend the action * * * as, in the court's discretion, justice requires, having regard to the circumstances of the case and of the respective parties". In so doing, the court should take into consideration "the financial circumstances of both parties together with all the other circumstances of the case, which may include the relative merit of the parties' positions" (*DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881).

Based upon our review of the record before us, we cannot say that Supreme Court abused its discretion in awarding defendant $30,000 for interim counsel and $30,000 for interim accounting fees. Although it is apparent that plaintiff enjoys greater financial security than defendant at this point in time, there is some question regarding the liquidity of plaintiff's assets. In light of this, and taking into consideration that Supreme Court's award was without prejudice to further application for additional fees as the circumstances warrant, we decline the invitation to set aside Supreme Court's order.

Mercure, J. P., Casey, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.

---

* Although plaintiff also filed a notice of appeal, he apparently has abandoned his appeal from Supreme Court's order.