[663 NYS2d 401]

In the Matter of PATRICIA BRYANT, Respondent-Appellant, v
JAMES BRYANT, Appellant-Respondent.

Third Department, October 23, 1997

APPEARANCES OF COUNSEL

*Jean M. Mahserjian, P. C.*, Clifton Park (*Whitney A. Clark* of counsel), for appellant-respondent.

*Gordon, Siegel, Mastro, Mullaney, Gordon & Galvin, P. C.*, Schenectady (*Michelle H. Wildgrube* of counsel), for respondent-appellant.

## OPINION OF THE COURT

CREW III, J.

Petitioner and respondent were married in 1976 and have two children, born in 1981 and 1983, respectively. The parties separated in August 1994 and, although not entirely clear from the record, it appears that petitioner and respondent subsequently stipulated that they would have joint custody of the children with primary physical custody to petitioner. Thereafter, in February 1995, petitioner was awarded temporary child support in the amount of $116 per week and the matter was set down for a hearing on this issue.

During the course of the hearing that followed, testimony was adduced regarding the parties' respective finances, including the sizeable inheritance that respondent had received from his father's estate. Ultimately, the Hearing Examiner ordered, *inter alia*, that respondent pay $115 per week in child support, together with an additional $100,000 payable to petitioner in two installments (representing an award of additional child support pursuant to Family Court Act § 413 [1] [e]), and $4,000 in counsel fees. In addition, respondent was required to maintain health and dental insurance for the children (at a cost of approximately $25 to $35 per week) and, further, to maintain such insurance for petitioner until such time as the parties were divorced. Although respondent filed objections to the Hearing Examiner's decision, Family Court modified the Hearing Examiner's decision only with respect to the manner in which the $100,000 awarded as additional child support was to be paid.[1] This appeal by respondent ensued.[2]

■ Respondent initially contends that Family Court erred in directing that the children be awarded a share of his inheri-

---

1. Specifically, Family Court directed that $75,000 be placed in trust for the parties' minor children, with the income from said trust to be distributed in quarterly installments to defray the cost of supporting the children. Petitioner was named as trustee and was permitted to invade the principal

tance as additional child support. Specifically, respondent argues that the lump-sum distribution ordered by Family Court is not permitted under Family Court Act § 413 (1) (e) and that the court erred in failing to treat the moneys generated by his inheritance as "income" for purposes of calculating his basic child support obligation (see, Family Ct Act § 413 [1] [b] [5]; [c]). Alternatively, respondent argues that Family Court Act § 413 (1) (e) is unconstitutional. In our view, none of these arguments has merit.

Family Court Act § 413 (1) (e) provides, in relevant part, that "[w]here a parent is or may be entitled to receive non-recurring payments from extraordinary sources not otherwise considered as income pursuant to this section, including but not limited to * * * [g]ifts and inheritances * * * the court, in accordance with paragraphs (c), (d) and (f) of this subdivision may allocate a proportion of the same to child support, and such amount shall be paid in a manner determined by the court". Although we agree with respondent that a court, when making an award of additional child support pursuant to Family Court Act § 413 (1) (e), should take into consideration the impact that a lump-sum award would have upon the affected parent, even a cursory review of the statute reveals that Family Court Act § 413 (1) (e) does not, as respondent contends, automatically preclude such an award in each and every instance. Indeed, the statute makes clear that the manner of payment is a matter committed to the court's discretion (see, id.; see also, 4 Foster, Freed and Brandes, Law and the Family New York § 2:12.5, at 450 [2d ed, 1996 supp] [noting that Family Court Act § 413 (1) (e) "authorizes the court to direct a parent to make 'lump sum' child support payments"]).

Equally unpersuasive is respondent's argument that the moneys generated by the various assets that he inherited should be imputed to him as income for purposes of calculating his basic child support obligation under Family Court Act § 413 (1) (c). In our view, this argument not only is contrary to the plain language of the statute but also is inconsistent with its underlying purpose and objective. With respect to the statu-

in a sum equal to $1/18$th of said amount until such time as the youngest child attained majority. Although petitioner was required to provide an annual accounting, no further restrictions were placed upon the trust. As to the balance, petitioner apparently received the remaining $25,000 outright.

2.  Although petitioner also filed a notice of appeal, she seeks no affirmative relief in her brief and, as such, we deem her appeal from Family Court's order to be abandoned (see, Ianniello v Ianniello, 235 AD2d 607, 608, n).

tory language, a review of both Family Court Act § 413 (1) (e), which, as noted previously, treats inheritances as "non-recurring payments from extraordinary sources *not otherwise considered as income* pursuant to this section" (emphasis supplied), and Family Court Act § 413 (1) (b) (5), which defines "income", clearly reveals that inheritances are not to be included in the combined parental income used to calculate the basic child support obligation under Family Court Act § 413 (1) (c). Additionally, the legislative history reveals that one of the overriding purposes of the Child Support Standards Act (L 1989, ch 567) was "to ensure an appropriate and consistent level of support for children" (Exec Dept Mem, 1989 McKinney's Session Laws of NY, at 2208). To the extent that the moneys generated by respondent's inheritance are tied to the success of his financial management skills and investments, we fail to see how having a potentially everchanging stream of additional "income" would lend any consistency to respondent's basic child support obligation.

Nor is there any merit to respondent's assertion that an award of additional child support pursuant to Family Court Act § 413 (1) (e) duplicates his basic child support obligation under Family Court Act § 413 (1) (c). Family Court Act § 413 (1) (f) provides, in relevant part, that unless the court determines that the noncustodial parent's pro rata share of the basic child support obligation is unjust or inappropriate, "the court shall order the non-custodial parent to pay his or her pro rata share of the basic child support obligation, *and may order the non-custodial parent to pay an amount pursuant to paragraph (e) of this subdivision*" (Family Ct Act § 413 [1] [f] [10] [emphasis supplied]). Hence, the statute expressly contemplates and permits an award of additional support beyond the noncustodial parent's basic child support obligation. Finally, we note that respondent has failed to establish beyond a reasonable doubt that Family Court Act § 413 (1) (e) is unconstitutional (*see generally, Matter of McGee v Korman*, 70 NY2d 225, 231).

■ Turning to the propriety of the award itself, we do find merit to respondent's claim that the actual amount awarded as additional child support under Family Court Act § 413 (1) (e) was inappropriate under the circumstances, as we are not persuaded that adequate consideration was given to the sum awarded and/or the manner in which it was to be paid. The $100,000 awarded as additional child support represented a significant portion of respondent's over-all inheritance, regard-

less of the value placed on it,[3] and Family Court's decision to provide for a lump-sum distribution, although permissible under the statute, necessarily required respondent to liquidate substantial assets. Moreover, this Court was advised at oral argument that the parties' son presently is residing with respondent. To the extent that this child already enjoys an enhanced standard of living as a result of respondent's inheritance, it hardly would seem appropriate to award him additional monetary support.

In addition to concluding that Family Court erred in awarding the parties' children $100,000 as additional child support under Family Court Act § 413 (1) (e), we also are of the view that the court erred in failing to consider whether the additional expense incurred by respondent in providing health and dental insurance for the children warranted deviation from the basic child support obligation imposed by the statute (see, Family Ct Act § 413 [1] [c], [f]). Family Court determined that respondent's basic child support obligation was $115 per week and that the cost of providing health and dental insurance for the children cost between $25 and $35 per week. In view of petitioner's then impending loss of employment, we have no quarrel with Family Court's directive that respondent obtain and bear the cost of such insurance for the children (see, Family Ct Act § 416). Health insurance premiums, however, are not proper add-ons to the basic child support obligation (see, *Matter of Eastburn v Eastburn*, 222 AD2d 898, 900; *Matter of Gray v Gray*, 199 AD2d 644, 645; *Chasin v Chasin*, 182 AD2d

---

3. In this regard, Family Court valued respondent's inheritance at $400,000. Respondent takes issue with this figure, contending that the court should have valued his father's estate (and his share of it) as of the date of his father's death and, further, that he should not be charged with any increase in the value of his inheritance between the date of death and the date of distribution. Respondent also contends that Family Court erred in failing to consider the tax consequences of a lump-sum award.

Although we reject respondent's argument with respect to the "valuation date" employed, we do find merit to his contention that the valuation figure adopted by Family Court is erroneous. Even accepting that Family Court's stated inability to precisely value respondent's inheritance was due to deficiencies in the proof offered by respondent, the valuation figure selected by the court nonetheless must find support in the record as a whole. Here, although the documentary evidence contained in the record indeed demonstrates that the estate increased in value over time due to, *inter alia*, interest income and the proceeds from the sale of the condominium of respondent's father, it simply does not substantiate Family Court's finding that respondent's actual proceeds from the estate amounted to at least $400,000. We further conclude that Family Court erred in failing to consider the tax consequences of a lump-sum award.

862, 863). Accordingly, Family Court should have taken this additional expense into consideration in determining whether respondent's basic child support obligation was fair and just (*see, id.*) and, having failed to do so, the court's award of child support was fundamentally flawed. We also are of the view that Family Court erred in ordering respondent to maintain health insurance for petitioner.

Based upon the foregoing, and taking into consideration, *inter alia*, the apparent change in custody that has occurred during the pendency of this appeal, we deem it appropriate to remit this matter to Family Court for a new hearing as to child support, including consideration of an award of additional support pursuant to Family Court Act § 413 (1) (e).[4] As the parties seem to differ in their interpretation of the relevant statutory provisions, we also deem it advisable to provide Family Court with some guidance in this regard.

It will be recalled that Family Court Act § 413 (1) (e) provides, in relevant part, that "[w]here a parent is or may be entitled to receive non-recurring payments from extraordinary sources not otherwise considered as income pursuant to this section, including but not limited to * * * [g]ifts and inheritances * * * the court, in accordance with paragraphs (c), (d) and (f) of this subdivision may allocate a proportion of the same to child support, and such amount shall be paid in a manner determined by the court". Although petitioner's counsel would have us read this provision in isolation, the statute on its face contemplates reference to Family Court Act § 413 (1) (c), (d) and (f).[5] Thus, as we interpret Family Court Act § 413 (1) (e), Family Court may, in the exercise of its discretion,

---

4. At such hearing, the parties would be well advised to tender sufficient proof to permit Family Court to make a reasoned determination with respect to, *inter alia*, the value of respondent's inheritance, the parties' respective finances and the needs of the children.

5. In this regard, we also expressly reject counsel's assertion that such an award may be made without any regard to the actual needs of the children. Although we recognize that one of the primary objectives of the Child Support Standards Act is to ensure that "[c]hildren should not unfairly bear the economic burden of parental separation" (Exec Dept Mem, 1989 McKinney's Session Laws of NY, at 2208), Family Court Act § 413 (1) (e) certainly does not stand for the proposition that a child automatically is entitled to share in any economic windfall that may be incurred by his or her noncustodial parent. While the facts of this case, as demonstrated upon rehearing, may well establish that an award of additional support is warranted, the mere fact that respondent inherited a sizeable sum of money does not, standing alone, provide an adequate basis for such an award. In the final analysis, any award of additional support under Family Court Act § 413 (1) (e) must take

allocate a proportion of a respondent's inheritance to child support provided such award does not run afoul of Family Court Act § 413 (1) (c), (d) and (f). In other words, in making such an award, Family Court must consider, *inter alia*, the parties' combined parental income and their pro rata basic support obligation (*see*, Family Ct Act § 413 [1] [c]), whether such an award would reduce respondent's income below the poverty level or self-support reserve (*see*, Family Ct Act § 413 [1] [d]) and, ultimately, whether such an award would be unfair or unjust in light of the basic support obligation already imposed (*see*, Family Ct Act § 413 [1] [f]). Should Family Court determine that an additional award of support pursuant to Family Court Act § 413 (1) (e) is warranted here and, further, that a lump-sum payment is appropriate under the circumstances, the court should give careful thought to the impact that such an award would have upon respondent and consider whether, in light of whatever assets may be held by respondent, the award can be fashioned in such a manner as to avoid invading the principal.[6] Respondent's remaining contentions, including his assertion that Family Court abused its discretion in awarding counsel fees, have been examined and found to be lacking in merit.

MIKOLL, J. P., WHITE, CASEY and SPAIN, JJ., concur.

Ordered that the order is modified, on the law, without costs, by reversing so much thereof as awarded petitioner $115 per week in child support and $100,000 in additional child support; matter remitted to the Family Court of Schenectady County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

---

into consideration a number of relevant factors including, *inter alia*, the parties' respective standards of living and the actual needs of the children.

6. Finally, we observe that any outright grant of funds to petitioner, such as the $25,000 previously awarded by Family Court as additional child support, would be looked upon with disfavor by this Court.