■ In the Matter of TRACEY BOYETTE, Appellant, v FRANCIS WILSON, Respondent. [738 NYS2d 272] —Appeal from an order of Family Court, Erie County (Szczur, J.), entered August 22, 2000, which denied petitioner's objection to that part of the order of the Hearing Examiner determining respondent's child support obligation.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting petitioner's objection and vacating that part of the order of the Hearing Examiner determining respondent's child support obligation and as modified the order is affirmed without costs and the matter is remitted to Family Court, Erie County, for further proceedings in accordance with the following memorandum: We agree with petitioner that Family Court erred in failing to consider that portion of respondent's personal injury award consisting of lump-sum payments at five-year intervals, including the initial lump-sum payment of $500,000, in determining respondent's child support obligation (*see, Matter of Ogborn v Hilts,* 262 AD2d 857, 859; *Matter of Grennier v Breason,* 256 AD2d 812). Contrary to respondent's contention, neither Family Court Act § 413 (1) (e) nor section 413 (1) (b) (5) precludes the court from considering that source of income. We note in addition that other nonrecurring lump sums have been

considered in determining child support (*see, Matter of Cody v Evans-Cody*, 291 AD2d 27; *Matter of Duguay v Paoletti*, 279 AD2d 767, 768-769; *Matter of Bryant v Bryant*, 235 AD2d 116, 119). We therefore modify the order by granting petitioner's objection and vacating that part of the order of the Hearing Examiner determining respondent's child support obligation and remit the matter to Family Court, Erie County, to determine respondent's child support obligation in accordance with our decision herein. Present—Pigott, Jr., P.J., Green, Hayes, Scudder and Gorski, JJ.