In the Matter of LILIANA CHRISTIAN, Respondent, v GARY M. CHRISTIAN, Appellant. [773 NYS2d 615]—

In a support proceeding pursuant to Family Court Act article 4, the husband appeals from an order of the Family Court, Westchester County (Edlitz, J.), dated January 23, 2003, which denied his objections to an order of the same court (Furman, H.E.), dated December 13, 2002, which granted the wife's application for spousal and child support.

Ordered that the order is affirmed, with costs.

Pursuant to Family Court Act § 412, "A married person is chargeable with the support of his or her spouse and, if possessed of a sufficient means or able to earn such means, may be required to pay for his or her support a fair and reasonable sum, as the court may determine, having due regard to the circumstances of the respective parties." This requires "a delicate balancing of each party's needs and means" (*Polite v Polite,* 127 AD2d 465, 467 [1987]; *see Matter of Mastrogiacomo v Mastrogiacomo,* 149 AD2d 708 [1989]). Thus, the determination of a husband's support obligation depends on the particular circumstances of the case, including his financial means, his "need to have money to live on after payments are made," the duration of the marriage, and the wife's ability to support herself (*Muscarella v Muscarella,* 93 AD2d 993, 994 [1983]; *see Matter of Brandt v Brandt,* 205 AD2d 767, 768 [1994]). Under the circumstances presented here, we perceive no basis to disturb the hearing examiner's determination with respect to spousal support.

The husband contends that the hearing examiner erred in imputing a personal injury settlement award as income in crafting the amount of the child support award. The consideration of such a source as income for the purpose of determining child support is not precluded by statute (*see Matter of Boyette v Wilson,* 291 AD2d 908, 908-909 [2002]; *Matter of Greenier v Breason,* 251 AD2d 703 [1998]). Under the particular circumstances of this case, where, inter alia, the husband acknowledged that a portion of such award was to compensate him for future wages he would not be able to earn due to his injury which occurred during the course of his employment, the hearing examiner's determination should not be disturbed. Ritter, J.P., S. Miller, Goldstein and Adams, JJ., concur.