■ In the Matter of PATRICIA LEE, Appellant, v GREGORY LEE, Respondent. [792 NYS2d 351]—

In a support proceeding pursuant to Family Court Act article

4, the wife appeals, as limited by her brief, from so much of an order of the Family Court, Queens County (Tallmer, J.), dated April 28, 2003, as denied her objections to an order of the same court (Contaratos, H.E.), dated December 24, 2002, which, inter alia, directed the husband to pay her the sum of only $100 per week in spousal support.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

Pursuant to Family Court Act § 412, "[a] married person is chargeable with the support of his or her spouse and, if possessed of sufficient means or able to earn such means, may be required to pay for his or her support a fair and reasonable sum, as the court may determine, having due regard to the circumstances of the respective parties." This requires "a delicate balancing of each party's needs and means" (*Matter of Shreffler v Shreffler,* 283 AD2d 679, 680 [2001]; *see Matter of Mastrogiacomo v Mastrogiacomo,* 149 AD2d 708, 709 [1989]). Thus, the determination of a husband's maintenance obligation rests on the particular circumstances of the case, involving a balancing of factors such as his financial means, his "need to have money to live on after payments are made," the duration of the marriage, and the wife's ability to support herself (*Colabella v Colabella,* 86 AD2d 643, 644 [1982]; *see Matter of Brandt v Brandt,* 205 AD2d 767, 768 [1994]). Under the circumstances presented here, we find no basis to disturb the Hearing Examiner's determination with respect to spousal support. Santucci, J.P., Krausman, Luciano and Fisher, JJ., concur.