■ In the Matter of LAWRENCE R. CASTELLANO, Appellant, v JULIANE CASTELLANO ROSS, Respondent. [798 NYS2d 271]—

Appeal from an order of the Family Court, Monroe County (Joan S. Kohout, J.), entered May 18, 2004 in a proceeding pursuant to Family Court Act article 4. The order denied petitioner's motion and granted respondent's application for attorney's fees and disbursements.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted, the application is denied and the award of attorney's fees and disbursements is vacated.

Memorandum: In this proceeding for modification of child support, Family Court erred in ordering that petitioner pay the fees and disbursements of respondent's attorney for services rendered on three appeals. Respondent retained her attorney for purposes of representation in this proceeding, and the retainer agreement provided that it did not "cover any other litigation, appeals from any orders or judgments, or any other actions or proceedings before any other courts, or other matters not specifically described herein."

By representing respondent on the appeals outside of the written retainer agreement, respondent's attorney failed to comply with the rules pertaining to domestic relations matters (*see Julien v Machson*, 245 AD2d 122 [1997]). There was no other written retainer agreement between respondent and her attorney specifically related to the "nature of services to be rendered" on the appeals, as required by 22 NYCRR 1400.3. Respondent and her attorney testified that they orally agreed to extend the terms of the written retainer agreement to include the attorney's fees for the appeals. Under the plain language of the retainer agreement, the oral modification was ineffective because it was not "contained in a subsequent writing signed by [respondent]." Moreover, the absence of a written agreement relative to the attorney's work on the appeals is violative of 22 NYCRR 1200.11 (c) (2) (ii), which requires that a written retainer agreement, signed by the lawyer and client, "set[ ] forth in plain language the nature of the relationship[ ] and the details of the fee arrangement." " '[F]ailure to abide by these rules, promulgated to address abuses in the practice of matrimonial law and to protect the public, will result in preclusion from recovering such legal fees' " (*Hunt v Hunt*, 273 AD2d 875, 876 [2000]). Present—Kehoe, J.P., Gorski, Smith, Pine and Hayes, JJ.