▆ In the Matter of NANCY I. WALKER, Respondent, v THOMAS J. GILBERT, Appellant. [835 NYS2d 743]—

Per Curiam. Appeal from an amended order of the Family Court of Albany County (Duggan, J.), entered February 3, 2006, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to modify a prior support order.

The parties are the parents of one child (born in 1992), who was rendered a quadriplegic following an accident in 1997. The child resides with petitioner, and respondent has not visited his son since the underlying accident. Due to his disability, the child is completely dependent upon others for his care, and his special needs are well documented in the record.

In March 2005, petitioner commenced the instant proceeding seeking modification of a 2001 order obligating respondent to pay child support in the amount of $54.24 per week. The basis for petitioner's application was that both the child's needs and respondent's income had increased substantially in the intervening period—specifically, that respondent had received a personal injury settlement award of approximately $1.25 million. Following a hearing, at which only petitioner and respondent appeared and testified, the Support Magistrate concluded that petitioner demonstrated a sufficient change in circumstances to modify the prior order of support. As to the sum awarded, the Support Magistrate took the net settlement award of $544,000 and allowed deductions for the sums that respondent expended on a residence and deposited into a retirement and a savings account, totaling approximately $381,000.* As to the approximately $163,000 remaining, the Support Magistrate applied an annual rate of return of 10% and imputed the resulting sum, $16,300, to respondent as income. In the final analysis, the Support Magistrate ordered respondent to pay child support in the amount of $373 per month and 75% of the child's uncovered medical expenses.

Upon petitioner's objections, Family Court disallowed the deductions previously permitted by the Support Magistrate and found no record support for the Support Magistrate's annual rate of return. Rather than imputing income to respondent, however, Family Court treated the entire net settlement award of $544,000 as available for child support purposes (see Family Ct Act § 413 [1] [e]) and awarded petitioner 17% thereof in the form of a lump-sum payment in the amount of $92,480. Family Court further determined that respondent should pay 50% of the child's uncovered medical expenses, as apparently set forth in the prior 2001 support order. This appeal by respondent ensued.

Preliminarily, we note that respondent does not dispute that petitioner demonstrated a sufficient change in circumstances to warrant an upward modification of his child support obligation.

---

* Respondent testified that he expended an additional $80,000 to repay loans to his girlfriend and his father and conceded that he could not account for the remaining $83,000 ($544,000 - $381,000 - $80,000 = $83,000).

Hence, our inquiry distills to the manner in which respondent's child support obligation was calculated. A lump-sum payment received by a parent in a tort action is not excluded from consideration in determining child support (*see Matter of Christian v Christian*, 5 AD3d 765, 766 [2004]; *Matter of Boyette v Wilson*, 291 AD2d 908, 908-909 [2002]). One approach where a parent receives a nonrecurring large sum of money is to increase the weekly (or other periodic payment) support obligation by applying a reasonable rate of return to the funds received and imputing that amount as income (*cf. Matter of Cody v Evans-Cody*, 291 AD2d 27 [2001]). Indeed, this may be a preferred approach in most situations involving a lump-sum settlement. However, directing the payment of a portion of the nonrecurring sum received is not precluded by the statute (*see* Family Ct Act § 413) and may be appropriate under some circumstances (*cf. Matter of Bryant v Bryant*, 235 AD2d 116 [1997]).

Here, Family Court set forth in detail the compelling reasons for its approach in this case, including, among others, that "the child has extraordinary and heart wrenching multiple medical complications which are becoming more acute with time," "the [m]other has had to dedicate virtually her entire life to the care of the child," and "the [f]ather has totally abandoned his moral obligation and parental responsibilities owed to his son, leaving his son's complete care in the hands of the [m]other." Moreover, it was readily apparent to Family Court that respondent was rapidly dissipating the entire settlement without any regard to his child. He provided explanations for expenditures that Family Court found "unworthy of belief" and he had no explanation as to where some large amounts of money had gone. Clearly, under the circumstances of this case, Family Court's approach was well within its discretion (*see id.* at 119; *see generally Matter of Fuller v Fuller*, 11 AD3d 775, 777-778 [2004]).

Crew III, J.P., Peters, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the amended order is affirmed, without costs.