■ In the Matter of ROBIN J. YARINSKY, Appellant, v STEVEN YARINSKY, Respondent. [875 NYS2d 592]—

Peters, J.P. Appeal from an order of the Family Court of Saratoga County (Abramson, J.), entered February 22, 2008, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to, among other things, modify a prior order of child support.

The parties were married in 1985 and have seven children. When they separated in 1999, petitioner (hereinafter the mother) successfully applied in Family Court for temporary custody, child support and spousal support. The mother's action for divorce was dismissed in 2003 by Supreme Court, Saratoga County where all support matters had been consolidated. Protracted litigation and appeals have followed (*Matter of Yarinsky v Yarinsky*, 36 AD3d 1135 [2007] [hereinafter *Yarinsky III*]; *Yarinsky v Yarinsky*, 25 AD3d 1042 [2006]; *Yarinsky v Yarinsky*, 2 AD3d 1108 [2003]). Most recently, in *Yarinsky III*, we increased the child support obligation of respondent (hereinafter the father) from $4,491 per month to $6,016 per month and decreased his monthly spousal support obligation from $1,500 to $1,200. We directed the Saratoga County Support Collection Unit to recalculate the adjusted amount of the total combined arrears, which would be retroactive to 1999, the date of the mother's support application (*see* Domestic Relations Law § 236 [B] [6] [a]; [7] [a]).

After protracted proceedings and hearings, the parties ultimately agreed upon the amount of arrears which, after various credits and offsets, was established to be $101,815 (as of November 15, 2007). That amount is not now in dispute. By amended petition, the mother had requested a money judgment with interest for the full arrearage amount and/or an increase in the amount of monthly arrears payments from $500 per month to "at least $1,000 monthly" in view of the large amount of arrears due.* Family Court denied the relief requested. The mother appeals.

Initially, the mother contends that Family Court should have granted her request for a money judgment with interest for the full amount of the arrears. We disagree. To be sure, where a party fails to comply with any lawful order of support, Family Court shall enter an order for a money judgment for the total amount of child support arrears (*see* Family Ct Act § 454 [2] [a]; § 460 [1]). Here, however, there has been no finding that the

---

* The origin of the $500 per month payments was a June 24, 2005 decision of the Support Magistrate, adopted by Family Court, which was not altered by our 2007 decision in *Yarinsky III*.

father failed to comply with any lawful order of support relevant to this proceeding, and no such finding is warranted. As Family Court aptly stated, "the arrearage sum here was a result of an appellate memorandum decision and order[, *Yarinsky III*,] which recalculated the sum of child support and spousal support and directed the adjustment of the calculations[,] . . . retroactiv[e] to the original filing date of 1999. This retroactive recalculation was the source of the sum of arrears, and in no reasonable interpretation of these circumstances can [the father] be deemed to have failed to comply with a lawful order, since the obligations which it calculates as unpaid support, were generated ex post facto." Since the father's arrearage did not result from a failure to comply with a lawful support order, the court properly denied the request for a money judgment and, likewise, interest (*see* Family Ct Act § 454 [2] [a]; § 460 [1]).

We are, however, persuaded by the mother's claim that payment of the monthly sum of $500 toward arrears is inadequate given that the total adjusted amount was in excess of $100,000 as of November 2007 (*see Matter of Fowler v Rivera*, 53 AD3d 659, 659 [2008]). Significantly, the $500 payment was set in a 2005 Support Magistrate decision and order, affirmed by Family Court, at a time when the total arrearage was insubstantial. While the father is correct that this Court did not alter the monthly sum in *Yarinsky III*, we decline his request to invoke the discretionary doctrines of law of the case or collateral estoppel so as to preclude the mother's request to increase the monthly payment amount after the substantial total amount of arrears were first calculated and agreed to in late 2007 (*see Matter of Russo v Irwin*, 49 AD3d 1039, 1041 [2008]; *cf. Matter of Richard SS.*, 55 AD3d 1001, 1002 [2008]). Family Court has continuing jurisdiction over support proceedings (*see* Family Ct Act § 451) and, under these circumstances, we do not find that it would have been fair to the parties to reevaluate the adequacy of the amount of the monthly arrear payments in advance of a determination of the total adjusted arrear amount.

Further, even were we to assume, as did Family Court, that a substantial change in circumstances analysis is warranted when addressing an application to increase installment payments on arrears (as distinguished from a modification to the amount of monthly support) (*see* Domestic Relations Law § 236 [B] [9] [b]), we would find that the mother made the requisite showing here. The considerable amount of the child support arrears and the unduly protracted length of time it would take to pay the sum in full at the $500 per month set rate, without interest, constitute an unanticipated change in circumstances sufficient

to warrant reevaluation of the rate previously established. Notably, at the established rate it would take over 16 years for the father to complete payment of his retroactive child support obligation, at which time his two youngest children would be in their late 20s. In our view, monthly payments of $1,000 are reasonable and adequate, commensurate with the father's ability to pay, and coincide with the minority years of the younger children (*see* Family Ct Act § 451; *see also* Domestic Relations Law § 236 [B] [7] [a]). We exercise our discretion to order that the $1,000 monthly payments toward arrears begin March 1, 2009, and continue until the total adjusted amount is paid, with full credit for all payments made to that date (*see* Family Ct Act § 451; Domestic Relations Law § 236 [B] [7] [a]).

Finally, we find no abuse of discretion in Family Court's denial of the mother's request for counsel fees (*see* Family Ct Act § 438 [a]). While we have previously noted the vast financial disparity between the parties (*Yarinsky v Yarinsky*, 36 AD3d at 1141), that does not translate into a mandate that such fees be awarded in every successive dispute. The parties' remaining contentions lack merit.

Rose, Kane and Kavanagh, JJ., concur; Spain, J., not taking part.

Ordered that the order is modified, on the law and the facts, without costs, by increasing respondent's monthly payments toward arrears to $1,000, effective March 1, 2009, and, as so modified, affirmed.