■ In the Matter of NICHOLAS M. STRATIENCO, Appellant, v MAYIYA J. STRATIENCO, Respondent. [877 NYS2d 385]—

In a support proceeding pursuant to Family Court Act article 4, the husband appeals from an order of the Family Court, Suffolk County (Budd, J.), dated June 30, 2008, which denied his objections to an order of the same court (Fields, S.M.), dated April 30, 2008, denying, after a hearing, his petition for spousal support.

Ordered that the order is affirmed, without costs or disbursements.

Pursuant to Family Court Act § 412, "[a] married person is chargeable with the support of his or her spouse and, if possessed of sufficient means or able to earn such means, may be required to pay for his or her support a fair and reasonable sum, as the court may determine, having due regard to the circumstances of the respective parties." "This requires 'a delicate

balancing of each party's needs and means' " (*Matter of Christian v Christian*, 5 AD3d 765, 766 [2004], quoting *Polite v Polite*, 127 AD2d 465, 467 [1987]). Thus, the determination of a spouse's support obligation depends on the particular circumstances of the case, including each spouse's financial means, each spouse's need to have money to live on after payments are made, the duration of the marriage, and each spouse's ability to be self-supporting (*see Matter of Christian v Christian*, 5 AD3d 765 [2004]; *Muscarella v Muscarella*, 93 AD2d 993, 994 [1983]; *see also Matter of Brandt v Brandt*, 205 AD2d 767, 768 [1994]). Under the circumstances presented here, we perceive no basis to disturb the Family Court's determination that the husband was not entitled to a spousal support order because, given the wife's means, she was already making a fair contribution to the monthly household expenses. Rivera, J.P., Spolzino, Angiolillo and Balkin, JJ., concur.