■ In the Matter of Jill R. Ashley, Respondent, v Adam A. Worsell, Appellant. (And Another Related Proceeding.) [888 NYS2d 233]—

Kavanagh, J. Appeal from an order of the Family Court of Tompkins County (Rowley, J.), entered December 12, 2007, which, in two proceedings pursuant to Family Ct Act article 4, among other things, granted petitioner's application to modify a prior support order.

Petitioner (hereinafter the mother) and respondent (hereinafter the father) have one child together (born in 1996) who resides with the mother. Initially, the father was ordered to make monthly child support payments in the amount of $50 and, seven years later, that obligation was increased to $58 per month. Prior to that modification, the father—in 2001—was involved in a work-related automobile accident from which he received a $100,000 settlement for his workers' compensation claim. In 2006, after becoming aware of this settlement, the mother commenced the first of these proceedings seeking an increase in the amount the father should pay in child support. Before the fact-finding hearing on that petition began, the mother commenced the second of these proceedings seeking to have the father be found in violation of the prior child support order, claiming that he violated that order by failing to report his workers' compensation settlement. After conducting a fact-finding hearing, the Support Magistrate found that the father had not willfully violated the prior order, but directed the father to pay the mother 17% of the total amount he received in this settlement,[1] as well as $1,835.20 to reimburse her for counsel fees. Family Court affirmed the Support Magistrate's decision, prompting this appeal by the father.

Family Ct Act § 413 (1) (b) (5) (iii) (A) provides that income received from workers' compensation shall be included in a party's gross income for the purposes of calculating his or her obligation to pay child support (see Matter of Costanzo v Costanzo, 8 AD3d 1031 [2004]). The father does not dispute the fact that the portion of the award that served to compensate him for lost wages should be included as income in calculating his child support obligation. However, he argues that $70,000 of the settlement was specifically earmarked to pay for future medical expenses that he might incur as a result of the injuries

1. $7,000 was deducted from the $100,000 received by the father in the settlement to pay his counsel fees incurred in that proceeding.

he sustained in the accident and, as such, is not income that should be included in any child support calculation. However, as Family Court aptly noted, the father did not use the proceeds of the settlement to pay for medical expenses but, rather, spent the entire amount on expenses that were clearly not medically related.[2] Therefore, the proceeds he received as a result of this award were used to supplement his income and pay for routine expenses. As such, for child support purposes, they should be counted as income and, in part, be used to support his child (*see* Family Ct Act § 413 [1] [e]; *Matter of Walker v Gilbert*, 39 AD3d 1112, 1113, 1114 [2007]; *Matter of Christian v Christian*, 5 AD3d 765, 766 [2004]; *Matter of Boyette v Wilson*, 291 AD2d 908, 908-909 [2002]; *Matter of Cody v Evans-Cody*, 291 AD2d 27, 32 [2001]).

As for the decision that this entire amount be paid by the father in a lump-sum payment rather than in monthly increments, we note that the father has paid a bare minimum in support of his child and did not use any of the funds he received from this settlement to supplement the child's ongoing support or care.[3] Given this history, Family Court had ample justification not only to require that the income the father received from the settlement be used to provide for the needs of his child, but also that this payment be made in a lump sum (*see Matter of Walker v Gilbert*, 39 AD3d at 1113-1114).

However, we agree with the father that he should not be required to pay counsel fees that were incurred by the mother. While it is within Family Court's discretion to award counsel fees if the relevant factors reveal that such an award is appropriate (*see* Family Ct Act § 438 [a]; *Matter of Ana Luisa B. v Paul H.A.*, 59 AD3d 289, 290 [2009]; *Matter of Baker v Baker*, 291 AD2d 751, 754 [2002]; *see also Matter of Yarinsky v Yarinsky*, 59 AD3d 828, 830 [2009], *lv denied* 12 NY3d 712 [2009]), here, the mother failed to provide a factual basis establishing that the amount requested was reasonable. Significantly, there was no written retainer agreement between the mother and her counsel (*see* 22 NYCRR 1400.3; former Code of Professional Responsibility DR 2-106 [22 NYCRR 1200.11]; *Matter of Castellano v Ross*, 19 AD3d 1020, 1021 [2005]; *see also* Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.15 [d] [1] [iii]; *Seth Rubenstein, P.C. v Ganea*, 41 AD3d 54, 61-62 [2007]; *compare*

---

**2.** The father used the proceeds to pay for trips, to finance the construction of a house and for other personal expenses, including gas, food and the purchase of a computer.

**3.** The father has not paid more than $700 in any given year in child support.

*Matter of Grald v Grald*, 33 AD3d 922, 922-923 [2006]; *Webbe v Webbe*, 267 AD2d 764, 765 [1999], *lv denied* 95 NY2d 753 [2000]), and no evidence was submitted that detailed the services provided to the mother by her counsel (*see* 22 NYCRR 1400.3). In that regard, the testimony of the mother's counsel at the fee hearing was conclusory and provided little detail as to the expenses incurred or the services rendered during his representation. As such, there is insufficient evidence as to the nature and the extent of the services rendered that could be evaluated to provide a rational basis for the award (*compare Matter of Wolfert v Wolfert*, 35 AD3d 870, 871 [2006]; *Matter of Birch v Sayegh*, 9 AD3d 514, 516-517 [2004]).

Mercure, J.P., Spain, Malone Jr. and McCarthy, JJ., concur. Ordered that the order is modified, on the law, without costs, by vacating so much thereof as directed respondent to pay counsel fees, and, as so modified, affirmed.