Matter of Geraghty v Muniz (2021 NY Slip Op 02155)





Matter of Geraghty v Muniz


2021 NY Slip Op 02155


Decided on April 7, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2020-00448
 (Docket No. F-132-11/19C)

[*1]In the Matter of Edward John Geraghty, respondent,
v
Neomie Irma Muniz, appellant.


Pascazi Law Offices PLLC, Fishkill, NY (Michael S. Pascazi of counsel), for appellant.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Dutchess County (Tracy C. MacKenzie, J.), dated November 25, 2019. The order denied the mother's objections to an order of the same court (Steven Kaufman, S.M.) dated August 12, 2019, which, after a hearing, directed her to pay child support in the sum of $464 per month.
ORDERED that the order dated November 25, 2019, is modified, on the law and the facts, by deleting the provision thereof denying the mother's objections to the order dated August 12, 2019, directing her to pay child support in the sum of $464 per month, and substituting therefor a provision granting the objections to the extent of directing the mother to pay child support in the sum of $452 per month and otherwise denying the objections; as so modified, the order dated November 25, 2019, is affirmed, without costs or disbursements, and the order dated August 12, 2019, is modified accordingly.
The parties have two children, both of whom reside with the father. The parties stipulated to an order of support requiring the mother to pay child support in the sum of $5 per month, due to the mother's inability to work after a motor vehicle accident. Subsequently, after the mother received a personal injury settlement award from her accident, the father filed a petition seeking an upward modification of the mother's child support obligation. In an order dated August 12, 2019, after a hearing, the Support Magistrate directed the mother to pay child support in the sum of $464 per month. The mother filed objections to the Support Magistrate's order, which objections were denied by the Family Court in an order dated November 25, 2019. The mother appeals.
"A lump-sum payment received by a parent in a tort action is not excluded from consideration in determining child support" (Matter of Walker v Gilbert, 39 AD3d 1112, 1114; see Matter of Christian v Christian, 5 AD3d 765, 766; Matter of Boyette v Wilson, 291 AD2d 908). Here, contrary to the mother's contention, the Support Magistrate's determination to calculate her income by applying a reasonable rate of return to the entire settlement award was not an improvident exercise of discretion. The mother did not present any evidence to demonstrate what, if any, portion of the award was for future medical expenses (cf. Matter of Ashley v Worsell, 66 AD3d 1256, 1257-1258). Further, while she spent a portion of the award, "[p]arents have a duty to use available financial resources to support their children" and cannot insulate such resources "from consideration for child support by transforming [them] into . . . nonincome producing asset[s]" (Matter of Cody [*2]v Evans-Cody, 291 AD2d 27, 32; see Matter of Ashley v Worsell, 66 AD3d 1256, 1257-1258).
Nevertheless, as the mother correctly contends, the child support obligation directed by the Family Court reduced the mother's income below the self-support reserve then applicable. Thus, the court was required to reduce the obligation to the greater of $50 or the difference between the mother's income and the self-support reserve (see Family Ct Act § 413[1][d]), which is $5,419, or $452 per month. Accordingly, the Family Court should have granted the mother's objections to the extent of directing her to pay child support in the sum of $452 per month.
The mother's remaining contentions are without merit.
CHAMBERS, J.P., AUSTIN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court